Nov. Term,
1829.

SHEETS
v.
ANDREWS.

## SHEETS v. ANDREWS.

If the owner of real estate covenant to make a title to it on payment of the purchase-money, and the same be afterwards paid, the obligor is not liable to an action for not conveying, unless the deed have been previously demanded.

*Quære*, whether the purchaser, in such case, should *tender the deed to* the vendor for execution.

In the case of a breach of the covenant of seisin, or of warranty, contained in a conveyance of real estate, or of a breach of a covenant to convey, the measure of damages, if there be no fraud, is the purchase-money with interest.

*Wednesday,*
*November 4.*

APPEAL from the *Jefferson* Circuit Court.

BLACKFORD, J.—This was an action of covenant, by *Andrews* against *Sheets*, on the following obligation: "I hereby promise and oblige myself, my heirs or legal representatives, to convey unto *Stephen Andrews*, his heirs or assigns, by general warranty deed of conveyance, lots numbered 96, 97, 101, 129, and 130, in the additional plat of the town of *Vevay*, *Indiana*, on or before the 3d day of *May*, 1820, or so soon thereafter as payment shall be made in full for said lots, agreeably to three several notes given for the same, bearing even date with these presents, at six, twelve, and eighteen months, with interest from the date if not punctually paid. Given under my hand and seal the 3d day of *November*, 1818.—*John Sheets*, (Seal)." The declaration avers payment of the purchase-money on a certain day, before the commencement of the suit; and alleges that the defendant, although often requested, had not made the conveyance. To this action, *Sheets*, the defendant below, after obtaining oyer of the obligation, pleaded several pleas in bar; one of which is to the following effect:—That the defendant had been always ready, willing, and able to execute the convey-

Nov. Term,
1829.

SHEETS
v.
ANDREWS.

ance agreeably to his covenant; but that the plaintiff had never requested him to do so. This plea further states, that the defendant was still ready, able, and willing to execute the conveyance; and that he had brought it into Court and then tendered it to the plaintiff for his acceptance. To this plea, as well as to the others, *Andrews*, the plaintiff below, demurred generally, and the defendant joined in demurrer. The Circuit Court, considering the pleas no bar to the action, gave judgment on the demurrer in favour of the plaintiff below. The damages were assessed at 976 dollars and 5 cents, being the amount of the purchase-money with interest; and final judgment was rendered for that amount, together with costs. *Sheets*, the defendant below, appeals to this Court.

The validity of the plea, to which we have referred, depends upon a single question. It is this:—If the owner of real estate covenant to make a title to it, on payment of the purchase-money, and the same be afterwards paid, is the obligor liable to an action for not conveying, although the deed has not been demanded? The Court has heretofore expressed an opinion, that, in cases of this kind, the plaintiff might recover without any proof of such a demand. We have, however, for some time, had doubts as to the correctness of that opinion; and have now, after much reflection, come to the conclusion that it must be overruled. It appears to us to be reasonable, that the parties to these contracts, which are very common in our country, should each have a fair opportunity to perform his part, previously to his being liable to a suit for the non-performance.

The statute of 1824, pp. 329, 330, rendering bonds like the present, usually called title-bonds, assignable, furnishes a strong reason, were there no other, to show,—that the *bona fide* obligor in these cases, having a good title, should not be subject to a suit for not conveying, until he had been called upon for the deed. The title-bond, by means of assignments, may, and frequently does, pass through the hands of many persons, before the payment of the purchase-money by the obligee, according to his contract. It must, consequently, often happen, that neither the obligor nor obligee, at the time of the payment, can know who has the bond and is entitled to the conveyance. In cases so situated, if no previous demand of the deed be necessary, the obligor may have no opportunity to prevent an action

founded on a breach of his contract, notwithstanding he may have been always ready, and able, and anxious, to perform it. The consequence would be, that the holder of the bond, not being known to the obligor, might keep it until the property had become greatly reduced in value, and then recover damages to the whole amount of the purchase-money and interest, without the obligor's having had any opportunity to prevent it, by a compliance with his agreement. In this way, the holder of the bond could take advantage of his own wrong, to the injury of a *bona fide* vendor. To avoid this difficulty, *Andrews*, the defendant in error, contends, that the obligor might tender the deed to the obligee, at any time before notice of the assignment; which tender would be as effectual, as if it were made to the holder of the bond. The answer to this is, that the obligee would always have it in his power to prevent the effect of the tender, by merely informing the obligor at the time—as it would be his duty to do—that the bond had been previously assigned.

Independently, however, of the statute, making title-bonds assignable, the rule which requires that the deed be demanded in these cases, before the commencement of a suit for not executing it, appears to us to be proper and necessary. It is best calculated to secure the specific execution of contracts, and to prevent a multiplicity of law suits. Besides, it may be often a convenience to the purchaser, for a variety of reasons, not to receive the title as soon as he is entitled to it; and he may therefore prefer its continuance, for some time, in the vendor. If he can obtain the title to which he has a right, whenever he may choose to demand it, he ought not to complain. There is, indeed, respectable authority for the opinion, that it would have been better, had the law required a demand previously to a suit, even in cases where money only has been contracted for. The law, it is true, as to that, has long been settled to be otherwise. But the fact, that its policy has been thus questioned where money alone is to be paid, is a strong ground to show, that the rule dispensing with any demand upon the obligor for performance, before a suit against him for non-performance, should not be applied but with great caution, to any other contracts than those for the payment of money. We are now well satisfied, that it should not be extended to covenants, like the

one under consideration, for the conveyance of land. An emi-
nent *English* writer upon this subject says—"A vendor cannot
bring an action for the purchase-money, without having exe-
cuted the conveyance, or offered to do so, unless the purchaser
has discharged him from so doing. And, on the other hand, a
purchaser cannot maintain an action for breach of contract,
without having tendered a conveyance, and the purchase-mo-
ney." Sugden on Vendors, pages 162, 163. We are not now
called on for an opinion, as to whether the purchaser should
pursue the *English* practice by not only demanding the con-
veyance, but also by tendering it for execution. It is sufficient
for the present purpose to say, that this suit could not be main-
tained, unless, previously to its commencement, the deed had
been demanded.

Upon this view of the subject, the plea to which we have
particularly referred, denying that any demand of the deed had
been made, is a bar to the action. The contrary opinion, here-
tofore expressed in *Deming* v. *Bullitt*, *Cunningham* v. *Flinn*, and
*Andrews* v. *Sheets*, is, of course, overruled (1).

With respect to the question which has been raised in this
cause, relative to the measure of damages, the opinion of the
Circuit Court is considered to be correct. The same opinion
was expressed by this Court at the *May* term, 1828, in the case
of *Blackwell* v. *The Board of Justices of Lawrence County* (2). It
appears to us, that where no fraud is alleged, the purchase-mo-
ney with interest should be the measure of damages, whether
the breach complained of be of the covenant of seisin or of
warranty contained in a conveyance, or whether it be, as in the
present case, of a covenant to convey. ·

The judgment, however, must be reversed upon the first ob-
jection taken by the plaintiff in error; and which we have al-
ready examined. The plea in denial of the demand being
good, the demurrer to it was erroneously sustained.

*Per Curiam.*—The judgment is reversed, and the proceed-
ings subsequent to the joinder in demurrer are set aside, with
costs. Cause remanded, with directions to permit the plaintiff
below to withdraw his demurrer and reply to the plea.

*Stevens*, for the appellant.
*Howk* and *Sullivan*, for the appellee.

Nov. Term,
1829.

(1) An action of covenant was brought by a vendee against a vendor of real estate. The covenant, on which the suit was founded, was, that the vendor, in consideration of a certain sum *paid* to him, would convey to the vendee, at a certain time, a certain tract of land. Plea, that the defendant *had not been requested* to convey, &c. Demurrer to the plea. *Per Curiam.*—On the merits, it is impossible to distinguish this case from *Fuller* v. *Hubbard*, 6 Cowen, 13, and *Hackett* v. *Huson*, 3 Wendell,250. In the latter case, particularly, the consideration *had been paid*, as in this case, and the conveyance was to be executed by a particular day; but the same rule was held applicable, which had been previously applied, when the payment of the consideration and the giving of the deed were to be simultaneous acts. It may be considered the rule of this Court, that when a party covenants to convey, he is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it, and having waited a reasonable time to have it drawn and executed, has made a second demand. In *England*, the party entitled to the deed is bound to have it drawn and presented for execution. We have not gone so far. The party who is to give a deed, certainly should have it drawn at his own expense; but upon such a covenant as that declared on in this case, the covenantor is not bound to prepare the conveyance until it is demanded, when it is his duty to execute and perfect the conveyance with all reasonable despatch, and hold it ready for delivery when called for. The purchaser, no doubt, may prepare the deed and tender it for execution, and then but one demand is necessary. *Connelly* v. *Pierce*, 7 Wend. 129.

A purchaser is not bound to prepare and tender a deed to the vendor, unless such an obligation can be inferred from the terms of the contract. *Fairfax* v. *Lewis*, 2 Rand. 20.

(2) Ante, p. 143. On the ancient writ of *warrantia chartæ*, the feoffee, in case of eviction, only recovered other lands as valuable as those, from which he was evicted, were at the date of the warranty. The personal covenants in a conveyance,—of seisin, of right to convey, against incumbrances, of quiet enjoyment, and of warranty,—were introduced in the place of the ancient warranty. And it has been generally considered, that the measure of damages for a breach of any of the substituted covenants, should be similar to that which existed for a breach of the original one. Chancellor *Kent* examines this subject and refers to the principal authorities. He concludes as follows: "The ultimate extent of the vendor's responsibility, under all or any of the usual covenants in his deed, is the purchase-money with interest; and this I presume to be the prevalent rule throughout the *United States*." 4 Kent's Comm. 2d Ed. 476.