### BROWN and Another *v.* HART.

To debt on bond conditioned for the conveyance of real estate within a certain time, the defendant may plead that the deed had not been demanded before the commencement of the suit.

But it is not necessary that the holder of such bond should prepare the deed and present it to the obligor to be executed.

One of the counts on such bond, setting forth the condition and assigning breaches, was barred by a valid plea. The other count was on the penal part of the bond only ; and a plea thereto (*oyer* having been obtained of the condition) was correctly overruled on demurrer, but no breaches were sug-gested. *Held,* that damages could not be assessed for the plaintiff on either count.

May Term,
1845.

BROWN
v.
HART.

Saturday,
June 28.

ERROR to the *Marion* Circuit Court.

DEWEY, J.— *Hart* brought an action of debt against *Brown* and *Wilson.* The declaration contained two counts. The first count set forth a bond executed by the defendants on the 5th of *March,* 1840, in the penalty of 600 dollars, and the condition thereof. The recital prefacing the condition was, that *Brown* had theretofore executed a bond to one *L. J. Chapin* for the conveyance to him of a certain lot in *Indianapolis,* on the 1st of *October,* 1839, which bond *Chapin* had assigned to the plaintiff; and that the plaintiff and *Brown* had agreed to postpone the delivery of the deed until the expiration of one year from the date of the second bond, unless *Brown* should sooner obtain the legal title to the lot, which was then in a third person, in which case, the deed was to be made when he should obtain the title. The condition was, that if *Brown* should, within one year from the date of the bond, or sooner if he procured the title, convey the lot in fee-simple to the plaintiff free from incumbrance, the bond should be void, &c. And the parties stipulated in the condition of the bond, that if it should become forfeited, the damages should be 300 dollars. Breach, that *Brown* did not within the year, nor at any other time, make the deed, though often requested, &c.; nor did he pay the 300 dollars in damages.

The second count was on the penal part of the bond, without setting forth the condition.

The defendants craved *oyer* of the bond and condition mentioned in the first count. The instrument given on *oyer* corresponded with that set forth in the first count, excepting that the condition recited that *Brown* had executed a bond to *L. B. Chapin,* instead of *L. J. Chapin.* The defendants thereupon pleaded two pleas to the first count: 1. That the plaintiff did not demand a deed from *Brown* before the commencement of the action; and, 2. That the plaintiff had not prepared and presented a deed to *Brown* to be by him executed, before the action brought.

The defendants also craved *oyer* of the bond mentioned in the second count and the condition thereof; and they pleaded to that count a plea which was properly overruled on demurrer. No breach was suggested under the second count.

General demurrers to the two pleas to the first count were

sustained; and the damages having been assessed by the Court, with the consent of the parties, there was a final judgment for the plaintiff.

We think the judgment cannot be sustained. The demurrer to the first plea to the first count should have been overruled. Agreeably to a former decision of this Court, where a vendee is entitled to a conveyance of real estate, by virtue of a title-bond, he cannot maintain a suit on the bond, without having first demanded a deed of the obligor. *Sheets* v. *Andrews*, 2 Blackf. 274. This suit is founded on such a bond; and as the plea under consideration alleges no demand of a deed was made before the commencement of the action, it is a good bar to the first count. The circumstance that a deed was already due to the plaintiff when this bond was given, by virtue of a former bond which was abandoned or cancelled, can make no difference. The present contract was substituted in the place of the old one, and stipulates for a different time for the delivery of the deed. It must be construed according to its own terms; and neither party can derive any benefit from the abandoned contract.

We think the demurrer to the second plea to the first count was correctly sustained. It is the practice in *England* for the vendee of real estate to prepare a deed, and present it to the vendor to be executed. But that practice has never been adopted in this state; nor do we think the nature and situation of our titles to land, or the public convenience, require that it should be adopted. The parties to a contract may stipulate for such a course if they please, and the contract will be binding. *Fairfax* v. *Lewis*, 2 Rand. 20.

As the first count was barred by a valid plea, and the second count, though unanswered, contained no assignment of a breach of the condition of the bond, it was incorrect to assess damages under either count. If the plaintiff meant to rely upon the second count, he should have spread the condition of the bond upon the record after the demurrer to the plea to that count was sustained, and have suggested a breach upon the record. 1 Will. Saund. 58, n.—2 *id*. 187, n.

Whether the difference in the initials prefixed to the surname of *Chapin*, as they appear in the condition of the bond set forth in the first count, and that given on *oyer*, constitutes a material variance, we do not deem it necessary to decide.

May Term, 1845.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. J. Brown*, for the plaintiffs.

*C. Fletcher* and *O. Butler*, for the defendant.