WRIGHT *et al. v.* LECLAIRE.

In an action for the specific performance of the conditions of a title bond where the facts set forth in the petition would take the case out of the statute of limitations, that statute cannot be successfully pleaded, unless such averments in the petition are denied by an accompanying answer; and in such case, the issue of facts presented by the denials in the answer, should be tried.

Where a title bond stipulated not only that the land should be paid for, but also that the obligee should pay the "costs and charges" of the conveyance; and where the price of the land had been paid, such "costs and charges" should also be proffered and a deed demanded before a right of action accrued.

A title bond for land cannot be barred under the fourth section of the act of 1843, for the limitation of actions.

*Appeal from Scott District Court.*

*Opinion by* HALL, J.  This is a bill in chancery, exhibited by Mary G. Wright, the widow, and John A. Gano and others, heirs at law of John A. Gano, sen., deceased, against Antoine LeClaire, for the specific performance of a contract

The petition sets out a contract, in the form of a title bond, executed by LeClaire to the decedant, on the 14th day of December, 1840.  The bond is in the penal sum of one thousand dollars, and sets out a condition as follows :

" *Whereas,* The above bound Antoine LeClaire hath *sold* to the said John A. Gano, two certain lots or tracts of land, situate in LeClaire's second addition to the town of Davenport, Iowa Territory, known, designated and numbered on the plat of said addition, as out lots number twenty five and twenty six, for the consideration and upon the condition following, to wit :  For the sum of five hundred dollars, twenty-five dollars thereof in hand paid ; one

hundred and fifty dollars on the first of June, 1841, and the balance thereof in two equal installments, to be paid in twelve and eighteen months from this date, as appears from three several promissory notes, of said John A. Gano, bearing even date herewith. Now the condition of the above obligation is such that if the above bounden Antoine LeClaire, on the payment to him of the aforesaid sums of money, at the time above limited therefor, does, and shall, at the cost and charges of the said John A. Gano, convey by good and sufficient warranty deed, the fee simple title to the said two out lots, to said John A. Gano, or to his assigns, then this obligation to be void ; otherwise to be and remain in full force and virtue.

ANTOINE LECLAIRE.

*Witness* ANDREW F. RUSSELL.

The petition avers that no further payment was made upon the contract until June, 1844, when LeClaire, by suit at law, collected from Gano the amount due on the notes given for the land.

That about the first of July, 1844, John A. Gano departed this life, leaving Mary G. Wright, his widow, and the other complainants, his heirs ; that said heirs were all minors at the death of said Gano, and the oldest of his children did not arrive at the age of majority until 1849, and several of them are still minors.

The petition alleges that at the time the contract was entered into, said John A. Gano was a non-resident of the then territory of Iowa, and has never resided within the territory or state ; that said widow and heirs have continued to reside in the state of Ohio from the death of said Gano, and never came within the state of Iowa until a short time previous to the commencement of this suit.

The petition avers that owing to the infancy and situation of said widow and heirs, they never ascertained or were informed of the existence of this contract, until a short time before the suit was brought ; that soon after they discovered the fact, they demanded a deed of said LeClaire, and offered

to pay all expenses, &c., which he refused. The petition prays for a specific performance of the obligation, &c.

To this petition the defendant interposed a plea of the statute of limitations, approved February 15th, 1843. The plea is based upon the fourth section of that act. This section provides, " That every action of debt, covenant for rent, or arrearages of rent, founded upon any lease, under lease, or every action on account founded upon a single or penal bill, promissory note or writing obligatory, for the direct payment of money or the delivery of property, or the performance of covenants, or upon any award under the hands and seals of arbitrators, for the payment of money only, and every action of assumpsit shall be commenced within six years after the cause of action shall have accrued, and not after."

The plea is supported by an answer in which the non-residence of Gano is admitted ; but as to his death and the condition of plaintiffs, the defendant only discloses belief, and denies inferentially, but does not deny as of his own knowledge. The contract is admitted, and the payment of the consideration money is also admitted, and new matter set up, showing that the consideration money was in part made by the sale of the lots sold by him to Gano.

There was a demurrer filed to the plea, which the court below sustained, and dismissed the petition.

This plea has been treated in the argument, as a mixed plea. If it is so, the court erred in dismissing the bill, for there was an issue of fact between the complainant and respondent which it was absolutely necessary for the defendant to make, to support the plea. The circumstances set forth in the petition, to take the case out of the statute of limitations, must be denied by the owner, or the plea could not be allowed. Then it was the duty of the court, even if the plea was allowed, to retain the cause, and try the questions of fact, which alone supported the plea.

But should this plea be allowed ? Is it in fact any defense to the relief prayed for in the petition ? This might per-

haps, be answered without giving any construction to the statute, by simply ascertaining when a cause of action at law, upon the penalty of the bond, accrued to Gano, or his heirs. We think not, until the expenses of executing the deed, were proffered and a demand was made by Gano, or his heirs, and a reasonable time had elapsed after the demand.

Powers v. *Bridges*, 1 G. Greene, 236 ; *Wood v. Goodrich*, 9 Wend., 68 ; *Sheets* v. *Andrews*, 2 Black., 274. There does not appear to have been any demand made, until recently, and *from* aught that appears, LeClaire could have resisted the forfeiture of the penalty of the bond until this recent demand was made, on the ground that the expense of the deed had not been proffered, and a proper demand made. Under this view the statute could only apply to his covenants to convey the lots ; here again the same dilemma arises. Gano, had no action at law, against LeClaire, either in covenant or debt, until he had made the demand of the deed. But, six years have past since the payment of the money by Gano, and there has been no demand of the deed, and still it is claimed that he is bound by the statute, from maintaining his action by failing to have an action. The act pleaded in this case did not take effect until the 4th of July, 1843—act of February, 15th 1843, Rev. Stat. 377, § 1,—and did not commence running until after the death of Gano. If the heirs of Gano, were minors and out of the territory as set forth in the petition, then they are completely saved by the 7th, and 8th sections of the act of limitation of 1843. Rev. Stat. 386.

The answer in this case, is to the whole merits of the petition, and therefore overrules the plea. To be allowed, the answer should have been confined to those facts alone which went to support the plea.

The answer, does not in fact, support the plea, for the main facts relied upon, to excuse the petitioners for the laches are not positively denied.

The authorities cited in this cause, by the counsel, we

think prove that the 4th section of the act, does not apply to these kind of cases. That equity, acting by analogy to the law, should give the subject and object of the suit, its true purpose, and follow the law of real estate.

The capital circumstance of the contract, was the land. Gano contracted for the land, and LeClarie, agreed to convey land, and not to pay money. Both parties considered the sale of the land to be the main portion of the contract. When Gano paid the money and LeClaire received it, it was for the land and not for money to be returned at a future day. It was a contract affecting the realty, and was such an interest as our laws recognized as real property, and could be seized and sold on execution; was subject to a judgment lien, and the widows dower, and courts of equity treat it as real estate. LeClair, shows in his answer, that he treated it as the real estate of Gano. He levied upon, and sold it under execution.

Decree dismissing the petition reversed, and cause remanded, with instructions to the court below, to disallow the plea.

Decree reversed.

*Leffingwell* and *Dow*, for appellants.

*Jas. Grant*, for appellee.