IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1870, IN THE FIFTY-FIFTH
YEAR OF THE STATE.

———————•———————

## MATHER *v.* SCOLES.

DEMAND.—Where there is a contract to execute a conveyance of real estate, and no time is fixed for the delivery of the conveyance, a demand before suit is instituted is necessary. In such a case the complaint must allege a demand.

SAME.—*Conveyance of Real Estate.*—In general, an action cannot be maintained upon an agreement to convey real estate until after a conveyance has been demanded.

STATUTE OF FRAUDS.—The statute of frauds does not make a contract void, but simply withholds the remedy for its enforcement.

SAME.—*Verbal Contract to Convey Real Estate.*—A complaint upon a verbal agreement to convey real estate, not showing part performance, or that the defendant fraudulently refused to reduce the contract to writing, is bad.

SAME.—*Part Performance.*—Payment of purchase-money is not such a part performance as will take a case out of the statute of frauds.

SAME.—*Alternative Contract.*—A parol agreement in the alternative, to convey land, or, in case of failure to convey, to pay a certain sum of money, is within the statute of frauds, and no action, either to compel a performance, or to recover money, can be maintained upon it.

CONSIDERATION.—Either party to a deed may show, except for the purpose of defeating its operation, the true consideration, although it be entirely different from that expressed in the deed.

VOL. XXXV.—1

Mather *v.* Scoles.

CONDITION PRECEDENT.—Where the grantee of lands agrees to convey, in part payment of purchase-money, a tract of land, it is a condition precedent to his right to enforce the contract; and in such a case the complaint must allege a tender of a deed therefor.

SPECIFIC PERFORMANCE.—A party asking the specific performance of a contract must do all in his power to fulfil the contract upon his part.

APPEAL from the Elkhart Circuit Court.

DOWNEY, J.—It is alleged that in this case the circuit court erred, first, in overruling the demurrer to the complaint; second, in sustaining the demurrer to the second paragraph of the answer; third, in refusing a new trial. Scoles was the plaintiff and Mather the defendant in the circuit court.

The complaint alleges that the plaintiff and defendant entered into an agreement, by parol, whereby it was agreed between them that the plaintiff should convey to the defendant certain real estate described in the complaint, of the alleged value of five hundred dollars. In consideration of which, the defendant agreed to pay the plaintiff six hundred dollars cash, and also to procure, at his own cost, the conveyance from one Evans to the plaintiff of certain other real estate, of the value of five hundred dollars, or to pay the plaintiff a sum of money sufficient to procure such conveyance from said Evans; that the plaintiff had conveyed to the defendant the land which, by said contract, he was to convey, but that the defendant had failed to procure from Evans a conveyance of the other land, or to pay to the plaintiff a sum of money sufficient to pay for said land to be obtained from Evans. Prayer for judgment of five hundred dollars damages and other proper relief.

There was a demurrer to the complaint, for want of sufficient facts, which was overruled, and the defendant excepted. It is urged, as an objection to the complaint, that as no time was fixed by the contract when the deed from Evans was to be made, or the money paid in lieu of it, a demand was necessary before suit, and that as none is alleged, the complaint for that reason is bad.

We think this objection to the complaint is well taken. It is not alleged that the defendant had refused to reduce the contract to writing so as to make it binding upon him under the statute of frauds, nor that he refused to perform on the ground that the contract was void because it was not in writing. The statute of frauds does not render a parol contract for the sale of real estate void. It simply withholds the legal remedy upon it. It is only voidable, and not void. *Hadden* v. *Johnson*, 7 Ind. 394. An action cannot be brought on a covenant or agreement to convey real estate, as a general rule, until there has been a demand for such conveyance. *Brown* v. *Hart*, 7 Blackf. 429; *Bowen* v. *Jackson*, 8 Blackf. 203; *Sheets* v. *Andrews*, 2 Blackf. 274.

In the last named case the court say, in speaking of the necessity for a demand in such a case, "It is best calculated to secure the specific execution of contracts, and to prevent a multiplicity of law suits. Besides, it may be often a convenience to the purchaser, for a variety of reasons, not to receive the title as soon as he is entitled to it; and he may therefore prefer its continuance for some time in the vendor. If he can obtain the title to which he has a right, whenever he may choose to demand it, he ought not to complain. There is, indeed, respectable authority for the opinion that it would have been better had the law required a demand previously to a suit, even in case where money only has been contracted for. The law, it is true, as to that has long been settled to be otherwise. But the fact that its policy has been thus questioned, when money alone is to be paid, is a strong ground to show that the rule dispensing with any demand upon the obligor for performance, before a suit against him for non-performance, should not be applied but with great caution to any other contracts than those for the payment of money. We are now well satisfied that it should not be extended to covenants like the one under consideration, for the conveyance of land. An eminent English writer upon this subject says: 'A vendor cannot bring an action for the purchase-money without hav-

ing executed the conveyance or offered to do so, unless the purchaser has discharged him from so doing. And, on the other hand, a purchaser cannot maintain an action for a breach of contract without having tendered a conveyance' (for execution) 'and the purchase-money.' Sugden on Vend., pp. 162 and 163. We are not now called upon for an opinion as to whether the purchaser should pursue the English practice by not only demanding the conveyance, but also by tendering it for execution. It is sufficient, for the present purpose, to say that this suit could not be maintained, unless previously to its commencement the deed had been demanded."

Why it was that Scoles did not insist upon a deed from Evans or Mather at the same time that he executed the deed to Mather, we are not informed; nor do we know, from the allegations in the complaint, when Scoles executed his deed. The covenants or agreements would seem to have been dependent, and yet Scoles executed his deed, leaving the matter with reference to the deed from Evans to be attended to in the future. We think, under these circumstances, under the authority of the cases to which we have referred, that he should have shown in his complaint that he had demanded the deed from Mather, and that he refused to execute it, before the commencement of the action.

This much we say, looking at the case upon the theory of the plaintiff, which proceeds upon the assumption that the agreement of Mather to procure Evans to convey to Scoles was valid and binding and might be the foundation of an action. But was the agreement valid? and can it be made the basis of an action? After giving the matter all the attention which its importance demands, we have been unable to find any satisfactory ground on which the plaintiff can stand. Looking at the complaint as attempting to set up a case for specific performance, it will be readily seen that it cannot be sustained. An agreement for the exchange of land for land is within the statute of frauds as perfectly as a contract for the sale of land. *Rice* v. *Peet*, 15 Johns.

503. And it follows, therefore, that when the agreement to convey is not evidenced by writing, as required by the statute of frauds, there must be the same part performance of the contract in order to exempt it from the operation of the statute, that is necessary to justify the specific performance of a parol contract for the sale of real estate.

The conveyance by Scoles of the land which the complaint alleges he was to convey and did convey to Mather, could be no more than payment of the price which he was to pay to entitle himself to a conveyance from Mather. But it has been long and well settled that payment of the price of land is not alone sufficient part performance to take the case out of the operation of the statute. *Johnston* v. *Glancy*, 4 Blackf. 94. But aside from all this, there could be no specific performance of the contract, for the reason that Mather was not the owner of the land to be conveyed. The title was in Evans, and not in Mather, and Evans was not a party either to the contract or to the suit.

But what is the effect of the statute of frauds upon the contract alleged in the complaint? Our statute provides that no action shall be brought upon any contract for the sale of lands, unless the promise, contract, or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereto by him lawfully authorized. Here the contract was not that Mather himself would convey the land to Scoles, but, as it is alleged in the complaint, that he would procure Evans to do so. Was this a contract for the sale of land within the statute, which, to be binding, must be in writing? We think it was. It is so decided in *Chiles* v. *Woodson*, 2 Bibb, 71; *Parker's Heirs* v. *Bodley*, 4 Bibb, 102; *Griffin* v. *Coffey*, 9 B. Mon. 452; *Hocker* v. *Gentry*, 3 Met. Ky. 463; *Brown, Adm'r*, v. *Jones*, 46 Barb. 400; 4 Amer. Law Reg. (N. S.) 383.

This branch of the contract, by which Mather was to cause Evans to convey the land, being thus void by the statute of frauds, the next question is, what effect does this

have upon the other branch of it, that is, that he would, in default of getting the conveyance from Evans, pay Scoles the sum of five hundred dollars in money? It would seem, at first view, that that part of the contract which was not binding, because not in conformity to the statute, might be rejected, and the party compelled to stand by the other part, which, if it stood alone, would be valid as not being within the statute. The authorities, however, seem to be the other way. Browne, in his work on the statute of frauds, section 152, says, "It is manifest that of such alternative engagements, no action will lie upon that one which, if it stood alone, could be enforced as being clear of the statute of frauds, because the effect of it would be to enforce the other; namely, by making the violation of *it* the ground of an action."

Suppose the contract assumed such a form that, if it were in writing and sealed, it would be in form a penal bond, obliging the maker of it to convey the land, or in default thereof to pay a sum of money. Can it be held that if the party making the promise fail to convey, which he would not be bound to do in the given case, because the contract, as to that part, is clearly invalid by the statute of frauds, he can be sued for, and compelled to pay the sum of money agreed upon as the penalty which he was to pay in the event that he did not convey the land?

In *Goodrich* v. *Nickols*, 2 Root, 498, the defendant had agreed to sell two parcels of land to the plaintiff, which agreement the parties were to reduce to writing at some future time, and the defendant agreed to convey the land or forfeit and pay to the plaintiff one hundred pounds. The contract was never reduced to writing. The breach alleged was that, although the plaintiff was ready to perform his part of the contract, the defendant had refused to convey the land, whereby he had forfeited the one hundred pounds. The plaintiff offered parol evidence to prove the agreement and promise, which was objected to by the defendant as being within the statute made to prevent frauds and perju-

ries.   The court held that the evidence was not admissible;
that an agreement to convey land may not be proved by
parol evidence, nor may an agreement to forfeit a hundred
pounds upon a failure to execute a conveyance pursuant to
such agreement be proved by parol.

In *Patterson* v. *Cunningham*, 12 Me. 506, a conveyance had
been made, by a father, of certain lands and personal prop-
erty to his two sons, they orally agreeing that after their
father's death they would convey the same property to a
sister, or pay her three hundred dollars in money.   After
the death of the father, the sons having failed to convey the
land, the sister sued for the three hundred dollars.   It was
held by the court that the contract was invalid, under the
statute of frauds, and also that the contract, being in the
alternative, to pay money or convey lands did not exempt
it from the operation of the statute.

These authorities would seem to establish the proposition,
that neither branch of the alternative engagement of the
defendant was valid, and consequently that no action could
be maintained either for damages for not procuring the con-
veyance of the land or for the recovery of the sum of
money which the defendant agreed to pay in the event that
he did not procure the conveyance.   We are aware of the
rule that there may be cases where the stipulations of the
party are so separate and distinct that one or more of them
may be valid, while the other or others may be void under
the statute.   But in these cases it seems to be settled that if
the suit is upon the entire contract, the party must fail.
Browne Stat. of Frauds, sections 150, 156.

The second paragraph of the answer, to which a demurrer
was sustained, was not good.   It alleges that the true con-
sideration for which the plaintiff conveyed the land men-
tioned in the complaint to the defendant is stated in the said
deed of conveyance, a copy of which is attached to the
answer, the same being expressed to be "for the sum of six
hundred dollars," wherefore, &c.   Either party is at liberty
to show for any purpose, except to prevent its operation as

a valid and effective grant, that the consideration of the deed was greater or less than that named in it, or that instead of being money, it was something else. *McMahan* v. *Stewart*, 23 Ind. 590; *Thompson* v. *Thompson*, 9 Ind. 323. The grantor was not estopped from showing that there was another consideration for the deed in addition to the payment of the six hundred dollars mentioned therein. We think the court erred in overruling the motion for a new trial.

The evidence disclosed the fact that in addition to the conveyance of the tract of land which was conveyed to Mather by Scoles, as mentioned in the complaint, Scoles was, by the terms of the same contract, to have conveyed to Mather another small tract, which he had not conveyed. This branch of the contract was entirely overlooked by the framer of the complaint.

The court told the jury, in its instructions, to which there was an exception, that they could deduct the value of this piece of land, not conveyed, from the value of the tract which the defendant had not conveyed, and give the plaintiff a verdict for the difference. This, instead of enforcing the contract which the parties had made, or giving damages for its non-performance, was making for them a new contract. We think the conveyance of the omitted tract, or the tender of a deed for it, if the contract is to be treated as valid for any purpose, was a condition precedent to the right of Scoles to maintain an action for the non-performance of that part of the contract which required Mather to procure the deed from Evans. They must be treated as dependent agreements or stipulations. The appellee attempts to avoid the force of this objection by the citation of authorities in cases for specific performance, but this was not such a case. The action was brought, as at law, on the special contract for the recovery of damages, and the verdict and judgment were for damages. The performance, or tender of performance, of precedent conditions must be alleged and proved. But we do not wish to be understood as conceding that in a

complaint for specific performance it is unnecessary to allege and show the performance of precedent conditions.

*Cook* v. *Bean, Adm'r,* 17 Ind. 504, was a suit on a promissory note given for purchase-money. The defendant pleaded that a deed for the land was to be made at the time of the payment of the note, and that no deed had been tendered. Reply in denial; trial; evidence establishing the truth of the answer; whereupon the court held the case under advisement till the plaintiff caused a deed to be tendered, and then rendered judgment for the plaintiff. In that case this court said, "This was erroneous. It was like permitting a party to sue on a note before it is due, but suspending judgment until it becomes due and then rendering it against the defendant, thus harrassing him with a suit before he is liable to pay." It is true that a general doctrine is laid down that a specific performance may be enforced where the party is able to perfect title at the rendition of the decree; but that doctrine does not apply to excuse a party from being diligent, from doing all in his power to fulfil his contract; it does not apply to excuse a tender of a deed made a condition precedent to the right to sue. It applies in cases where a party has tendered a deed, given possession, &c., but where some secret defect is discovered in the title, previously unknown, perhaps, to either party. In such case, if the party can cure the defect before decree, judgment will go in his favor.

There was no evidence of the truth of the allegation in the complaint that Mather agreed that he would pay to Scoles the sum of five hundred dollars, or any other sum of money, in the event that he failed to obtain the conveyance from Evans for the land. According to the evidence, the agreement was that he would cause Evans to convey the land, and there was no alternative stipulation.

The appellee may undoubtedly sue for the value of the land conveyed by him, and possibly might rescind the contract, but he cannot recover damages for non-compliance with the special contract for the reasons stated.

The judgment is affirmed, with costs, and the cause re-manded.

*W. A. Woods* and *J. D. Arnold*, for appellant.

*A. S. Blake* and *R. M. Johnson*, for appellee.

