## BLAIR *v.* HAMILTON.

CONTRACT.—*Equitable Assignment of.—Tender.—Waiver of.*—A. delivered to B. a wagon, in pursuance of a written contract, by which B. agreed to pay a certain weekly rent, without any demand therefor, with the right to purchase within a given time at a stipulated price, and in case of his election to purchase the wagon, all rent paid was to be credited on the price fixed. But in case of any failure to pay the weekly rent, it was provided that A.

might terminate the contract without notice, and take possession of the wagon. B., having paid the agreed rental to an amount exceeding half the purchase price, but being in arrear on the rent at the time, sold the wagon to C., the latter undertaking to pay to A. the residue of the sum due as purchase-money. A. afterward demanded the wagon of C., who offered to pay the remainder of the agreed purchase price the next morning, but A. asserted the right of property in himself, denied the right of B. to sell the wagon, and notified C. that he would not receive any money from the latter on the contract with B.

*Held,* that the contract of A. with B. was assignable, and that the sale of the wagon by B. was an equitable assignment of said contract.

*Held,* also, that the refusal of A. to receive the residue of the purchase-money from C., at any time, was a waiver of the strict tender provided for by the contract.

From the Montgomery Common Pleas.

*M. D. White* and *R. B. F. Pierce,* for appellant.

WORDEN, J.—This was an action of replevin by the appellant against the appellee, for a wagon. Issue, trial by jury, verdict and judgment for the defendant, a new trial being denied to the plaintiff, and exception.

The case is before us on the evidence, from which it appears that the plaintiff was the original owner of the wagon; that he and one Madison Rominger, who was a son-in-law to Mrs. Hamilton, entered into the following agreement in respect to it, viz.:

"CRAWFORDSVILLE, IND., August 21st, 1871.

"This is to certify that I have this day rented of John W. Blair one two-horse wagon, of the value of one hundred dollars, to be used only by me in Montgomery county, Indiana, and not to be removed therefrom without the consent of said John W. Blair, in writing. I agree to pay for the rent of said wagon five dollars cash in hand, and five dollars per week in advance, payable on Monday of each succeeding week, at Crawfordsville, Indiana, without any demand whatever being made therefor; said renting may be terminated at the option of the said John W. Blair, at any time, if the rent is not paid as above agreed. I agree to take good care of said wagon and keep it in good repair.

VOL. XLVIII.—3

"It is agreed between John W. Blair and M. Rominger, that if the said Rominger shall desire to purchase said wagon he may have the privilege of so doing at any time during the continuance of said renting, by the payment to said John W. Blair of the sum of one hundred dollars, in which case all sums paid for rent will be deducted from said sum; but the privilege to purchase said wagon shall in no way interfere with the right of said John W. Blair to control said wagon, all property remaining in him the same as though this privilege of purchase had not been added to this agreement of renting, until the purchase-money is paid in full.

(Signed,)         his

"MAD. ⋈ ROMINGER.
      mark.

"Attest: J. S. BROWN."

Under this agreement, Rominger for some time kept and used the wagon, and at various dates, from September 4th to November 6th, paid to Blair several sums, amounting in all to sixty dollars. These payments were endorsed upon the contract. Nothing further seems to have been paid.

In April, 1872, Rominger, being about to go away, sold the wagon to Mrs. Hamilton for twenty dollars, she agreeing with him to pay Blair what was yet due him. Shortly after this, Blair went to see Mrs. Hamilton about the wagon, and made a demand upon her for it, but she refused to give it up. Blair did not specify as the ground of his demand that the rent had not all been paid. When the demand was made, Mrs. Hamilton told Blair that she had not the money then, but that she would procure it next morning and pay him what was due on the purchase. Blair said if she kept the wagon she would have to make a new contract, as Rominger had no right to it. He also said that he would not take the money at all from her, but that he would have the wagon.

This is the substance of the case made by the evidence. We are of opinion that the verdict and judgment for the defendant were right. By the contract, Rominger was to have the privilege of purchasing the wagon at any time during the

Blair *v.* Hamilton.

continuance of the renting, and in that event whatever rent he had paid was to be deducted from the price of the wagon. He had paid sixty dollars. Then he sold the wagon to Mrs. Hamilton, she agreeing with him to pay Blair the residue of the one hundred dollars. Now this sale to Mrs. Hamilton, it seems to us, clearly transferred to her whatever right Rominger had in the wagon. She, by this purchase, stepped into the shoes of Rominger, and acquired the right to purchase the wagon on the terms prescribed. This she elected to do, and evinced her election by offering to pay the appellant the amount. To be sure, she did not have the money to pay on the day the demand was made, but she offered to pay it the next morning. Blair, however, refused to receive the money at all, saying that Rominger had no right to the wagon, and if Mrs. Hamilton kept it she would have to make a new bargain. He did not put his refusal to receive the money the next morning on the ground that it would then be too late, and that he was entitled to it at once, but upon the ground that he could not be compelled to receive it at all from her. He evidently proceeded on the theory that, as he had never contracted with Mrs. Hamilton, she could have no right to purchase the wagon on the terms prescribed in the contract between himself and Rominger. But we think it clear that the right to purchase vested in Rominger by the contract was capable of assignment, and that the sale of the wagon by Rominger to Mrs. Hamilton, she agreeing to pay to Blair the unpaid purchase-money, operated in equity, if not at law, to such assignment. Blair, by his refusal to receive the money at all, not objecting that it was not immediately forthcoming, and by disputing Mrs. Hamilton's right in the premises, waived a strict tender of the money. After what transpired, a tender would have been a useless formality.

In *Skinner* v. *Tinker*, 34 Barb. 333, it was held that where a party to an agreement gives notice to the other party of his determination not to perform the same on his part, performance by the party receiving such notice becomes unnecessary.

So, in the case of *Crary* v. *Smith*, 2 Comst. 60, it was held

that where the vendee in a contract for the sale of lands gave notice to the vendor of his refusal to perform the contract, no tender of a deed by the vendor was necessary to sustain a bill for specific performance.

See, also, *Turner* v. *Parry*, 27 Ind. 163, and *Bartlett* v. *Adams*, 43 Ind. 447.

Here, Blair gave Mrs. Hamilton abundant notice that he did not intend to be bound by his contract with Rominger, thus assigned to her, by refusing to receive the money from her, and telling her that if she kept the wagon she would have to make a new contract for it. We are of opinion, that the appellant waived a strict tender on the part of Mrs. Hamilton. She was entitled to the wagon on the payment of the residue of the purchase-money. This she offered to pay the next morning. The appellant refused to receive the money, not on the ground of the time of the proposed payment, but on the ground that he was not bound to receive it at all, and let Mrs. Hamilton retain the wagon. The wagon was delivered to Rominger by the plaintiff, under the contract above set out, and the right which Rominger had passed, as we have seen, to Mrs. Hamilton. Hence her possession was rightful under the contract, and not tortious. Upon complying with the contract, she was entitled to retain the possession. This she offered to do the next morning, and the plaintiff did not object to the time of the offered performance. Doubtless, the plaintiff might have entitled himself to the possession of the wagon by redemanding it, unless the residue of the purchase-money was immediately paid or tendered, or unless such payment or tender was again waived. But the action was brought without any such new demand, and we think the plaintiff was not entitled to recover.

The judgment below is affirmed, with costs.