No. 9023.

REED ET AL. *v.* HODGES.

VENDOR AND PURCHASER.—*Title Bond.—Husband and Wife.—Deed.—Demand.— Heirs.—*Upon a bond executed by a husband and wife, conditioned for a conveyance of land to a purchaser only upon the death of both husband and wife, the purchaser can not obtain a conveyance by suit against the heirs and wife, upon the death of the husband, the wife being still alive, even though the latter consent to it. A demand is also necessary.

From the Lawrence Circuit Court.

*N. Crooke, G. Putnam, G. W. Friedley, I. Herr* and *D. S. Alexander*, for appellants.

ELLIOTT, C. J.—Stephen Hodges alleges in his complaint that he bought of Moses Hodges a parcel of real estate; that the vendor and his wife joined in executing to him a bond for the conveyance of the property purchased; that since the execution of the bond Moses Hodges has died; that the appellants are his heirs; and that he, the appellee, has paid the purchase-money in full. Prayer for the appointment of a commissioner to execute a deed to the appellant for the land purchased by him.

The bond set out in the complaint contains this provision: " Now, in consideration of the premises, said parties of the first part bind themselves, their heirs, and legal representatives, that a good and sufficient deed in fee simple shall be executed to said Stephen, upon the death of both said Moses Hodges and his wife, Mary Hodges." It is very clear that the appellee is not entitled to a deed until the death of Mary Hodges. As the complaint affirmatively shows that she was living at the time the action was commenced, it appears that appellee has no cause of action. It is an elementary principle that the plaintiff must not only have a right of action, but a complete right of action at the time his suit is commenced. The complaint is bad.

It has long been the rule in this State, that a vendee praying specific performance must show a demand for a deed prior to the commencement of his suit. *Sheets* v. *Andrews,* 2 Blackf. 274; *Brown* v. *Hart,* 7 Blackf. 429; *Mather* v. *Scoles,* 35 Ind. 1. The complaint does not show a demand, or an excuse for not making one, and is, therefore, defective for this reason.

The counsel for appellee have not briefed the case, and we are unable to discover any ground upon which the action of the court in overruling the appellants' demurrer to the complaint can be sustained.

VOL. 80.—20

We do find in the record an answer from Mary Hodges, in which she disclaims any interest in the land, and requests that a deed may be made to the appellee. This does not cure the defect in the complaint in so far as the other heirs of Moses Hodges are concerned. They have a right to insist that the appellee shall show by his complaint that he is entitled to a deed. As against them, the appellee must recover upon the allegations of his complaint. It is a familiar principle that a plaintiff must recover according to his allegations, and that where a demurrer tests the sufficiency of his complaint, subsequent acts of persons other than those demurring, can not affect the question of the sufficiency of the pleading. If the appellee desired to place his right to relief upon the ground that Mary Hodges had consented to the execution of a deed, he should have averred it in his complaint.

The bond prescribes the terms upon which the appellee shall be entitled to a deed, and he can not obtain one upon any other. Appellees have succeeded to the rights of their ancestor, Moses Hodges, and have a right to resist the execution of a deed until the terms and conditions of the bond have been fully complied with. Their rights are entirely distinct from those of Mary Hodges, and she can not divest them. She can no more deprive them of these rights than she could have done her husband of his. The provision in the bond, that no deed should be made until both obligors are dead, can not be waived by one of the joint obligors in opposition to the claims of the heirs of the deceased obligor. They have a right to the enforcement of the bond, and this is a right of which no third person can deprive them. If what appears in the answer had been alleged in the complaint, it would not have cured the defect. This is plainly so, for it would then have still more clearly appeared that the contingency upon which depended the appellee's right to a deed, had not happened.

We may remark, in passing, that there is nothing to show that the provision of the bond, that no deed should be made until after the death of both Moses and Mary Hodges, was

for the sole benefit of the latter. Nor is there any provision supplying grounds for holding the stipulation an independent or divisible one; on the contrary, it plainly appears to be an indivisible condition. Where this is so, there can never be a separation by the courts. In the present instance, the court might just as well decide that the joint obligor could have waived the payment of the purchase-money, as that she could waive the condition that no deed should be made until after her death.

Judgment reversed.