No. 9779.

HARLESS ET AL. *v.* PETTY ET AL.

SPECIFIC PERFORMANCE.— *Contract.* — *Complaint.* — *Demand.* — *Statute of Frauds.*—A father, indebted to a son, agreed that if he would give time for payment of the debt, he, the father, would put the son in possession of a certain tract of land and help him make improvements thereon, for which he should never have anything to pay, and that if the debt was not paid in a short time he would make him a deed for the land. Under such promise, the son took possession of the land, made valuable improvements thereon, and after having occupied it over three years died, leaving heirs. The father then took possession, and afterwards died, without having paid the debt or conveyed the land to the son or his heirs, but had by will devised it to another. Suit by the heirs of the son for specific performance of the contract.

*Held*, that, if the contract was valid under the statute of frauds, the complaint was insufficient for a failure to allege a demand for the payment of the money, or, in default thereof, for a conveyance of the land.

From the Madison Circuit Court.

*C. L. Henry, W. S. Diven* and *E. P. Schlater*, for appellants.
*D. C. Chipman* and *W. R. West*, for appellees.

BICKNELL, C. C.—The appellees, the widow and only child of William Snell, brought this suit against the heirs and devisees of Harvey Snell, to enforce an alleged trust, and specific performance of a contract in relation to real estate.

The adult defendants, except Adam Harless and wife, disclaimed; the infant defendants answered by a *guardian ad*

*litem.* Adam Harless and wife jointly demurred to the complaint for want of facts sufficient, etc.; their demurrers were overruled. They then filed answers upon which issues were formed. The cause was tried by a jury, who returned a verdict for the plaintiffs, that they were the owners of the real estate and entitled to $200 damages against Adam Harless. Motions for a new trial were overruled; judgment was rendered upon the verdict; Harless and wife appealed.

The appellants assign errors upon the overruling of their demurrers to the complaint, and the decision of the questions presented by these demurrers will render it unnecessary to examine the other assignments of error.

The complaint states that, in 1870, Harvey Snell owed his son William $500, and, being unable to pay it, promised William that, if he would give time for payment, he, Harvey, would put him in possession of certain land, and help him make improvements thereon, and, if the debt were not soon paid, would give him a deed for the land, and that he, William, should never lose anything by making such improvements; that, thereby, Harvey induced William to take possession of the land and build a house and make other improvements thereon, and occupy the same for three years and a half, until he died, not having been paid any of said $500; that he left surviving him the plaintiffs, his widow and child, who are his only heirs; that, after his death, said Harvey Snell took possession of the land and improvements, and refused to permit the plaintiffs to occupy them; that afterwards Harvey died without having paid said $500, and without having conveyed the land to said William Snell or to the plaintiffs; that said Harvey, by his last will, devised the land to his daughter, the defendant Elizabeth Harless, and that she and her husband, the said Adam Harless, have removed from the land the house and other improvements, and have cut down and removed the timber, and that "they have full and ample and complete knowledge of all the material facts stated in this action."

The complaint prays that the plaintiffs be decreed to be the owners of the land; that a commissioner be appointed to convey it to them; and that they may have $600 damages for the rents and profits of the land for the last six years, and $600 for the value of the house and improvements.

Here was a parol promise by Harvey Snell to his son William, that if Harvey should not pay William a debt of $500 in a short time he would make him a deed for the land, and that, in the meantime, he might take possession of it and improve it, and that he should never lose anything by making improvements thereon. There was no time fixed for the payment of the money or for the making of the deed.

Under this promise Harvey Snell had the option to pay the money or make the deed; if, after the lapse of a "short time," William Snell sought to enforce the exercise of that option, and to become entitled to a deed because of the non-payment of the money, he ought to have made a demand for the payment of the money, and that, in default thereof, the deed be made. *Mather* v. *Scoles*, 35 Ind. 1, and cases there cited; *Reed* v. *Hodges*, 80 Ind. 304. It is a general rule that an action can not be brought upon a promise to convey land until there has been a demand therefor.

If, before any exercise of this option, and before any demand by William, Harvey Snell died, then, if the contract were valid under the statute of frauds, so that his heirs were bound by it, a demand would be necessary before a suit could be maintained against them. The complaint alleges no demand whatever. It, therefore, states no cause of action. The court erred in overruling the demurrer to it, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to sustain the demurrers to the complaint.