Burns *et al. v.* Fox.

## No. 12,964.

## BURNS ET AL. *v.* FOX.

CONTRACT.—*To Convey Real Estate.—Specific Performance.—Demand.*—It is the general rule that a demand is necessary before bringing a suit to enforce the specific performance of a contract to convey real estate; but where the contract has been repudiated, or performance refused, or notice given of a determination not to perform, a demand is not necessary.

SAME.—*Complaint for Specific Performance.*—Where a complaint alleges that B., in his lifetime, agreed to convey land to the plaintiff upon a consideration stated, which consideration the plaintiff had performed, and that the plaintiff had taken and continued to hold possession of the land, but that B. had failed, neglected and refused to convey, and that his heirs had also refused to convey and had instituted partition proceedings, it is good.

SAME.—*Statute of Frauds.—Performance.—Possession.—Improvements.*—Where a parol contract for the conveyance of real estate has been clearly proved, and has been taken out of the statute of frauds by possession and complete performance on the one hand, and valuable improvements have been made in reliance on the contract, specific performance will be decreed.

PLEADING.—*Amendment After Evidence Has Been Heard.—Surprise.— Supreme Court.—Presumption.*—Where the plaintiff is allowed to amend his complaint after the evidence has been heard and the argument concluded, the defendant must show that he was misled or prejudiced thereby, or the Supreme Court will presume that the amendment was properly permitted.

From the Newton Circuit Court.

*T. F. Palmer, D. L. Bishop* and *A. K. Sills,* for appellants.
*S. P. Thompson,* for appellee.

MITCHELL, C. J.—The general rule is well settled, that before a party can enforce the specific performance of a contract to convey real estate, he must have made a demand for a conveyance, or a sufficient excuse must be alleged for not having made a demand, before bringing suit. *Sheets* v. *Andrews,* 2 Blackf. 274; *Brown* v. *Jackson,* 8 Blackf. 203; *Mather* v. *Scoles,* 35 Ind. 1; *Reed* v. *Hodges,* 80 Ind. 304; *Harless* v. *Petty,* 84 Ind. 269.

It is equally well settled that when one party has repudiated the contract, or refused performance, or has given notice to the other of his determination not to perform his part, a demand for performance, unless the previous notice has been withdrawn, is not necessary. *Turner* v. *Parry*, 27 Ind. 163 ; *Hawley* v. *Smith*, 45 Ind. 183 (202) ; *Blair* v. *Hamilton*, 48 Ind. 32 ; *Durland* v. *Pitcairn*, 51 Ind. 426 ; *Phœnix, etc., Ins. Co.* v. *Hinesley*, 75 Ind. 1.

The appellee charged in her complaint that John Burns, prior to his death, entered into an oral agreement with her, whereby he agreed, in consideration that she should maintain and support his invalid mother during her lifetime, that he would convey to the appellee a certain tract of land in Jasper county. She alleged that she took possession of the land and made lasting and valuable improvements thereon, and that she fully kept and performed the agreement on her part, but that her father *failed, neglected and refused* to convey according to the agreement.

It was also alleged that since the death of her father the appellants, his heirs, *refused* to make a conveyance to her, and that they had instituted proceedings to make partition of the land, and that they were seeking to have it set off to one of the other heirs, although the complainant remained in possession.

The ordinary signification of the word " refuse " is to deny a request or demand, and as the complaint alleges that both the father, in his lifetime, and the appellants, who succeeded to the legal title to the land as heirs, *refused* to convey in compliance with the contract, a sufficient excuse was shown for not having made a further demand. Besides, the appellants having instituted proceedings in partition, they thereby necessarily asserted such a claim of title on their part as amounted to an utter repudiation of the alleged contract of their ancestor.

The reason for the rule which requires a demand before bringing suit is that the covenantor may be afforded a fair

opportunity to perform his contract, after becoming aware that the covenantee desires to receive the title, without being harassed with a suit to compel him to do that which he would have done, upon reasonable request, without compulsion. If, however, it appears that the covenantor has put himself in such an attitude in respect to the alleged contract as makes it plain that a demand would be unavailing, the law will not exact the mere idle ceremony.

There was no error in overruling the demurrer to the complaint.

It is shown by a bill of exceptions contained in the record, that the plaintiff was permitted, by leave of court, over the appellants' objection, to amend her complaint after the evidence was heard and the argument of counsel had been concluded.

The amendment permitted and made was to insert the word "refused" in the connections already referred to. After the amendment the appellants refiled their demurrer to the complaint, and the demurrer was again overruled.

The appellants complain that the court abused its discretion in allowing the amendment over their objection.

While it is true that, in allowing amendments after the trial has substantially ended, a degree of caution should be observed so as to prevent surprise, yet, unless it is shown by the party over whose objection the amendment was allowed that he was misled or prejudiced thereby, this court will presume that the trial court permitted the amendment "for the furtherance of justice." *Durham* v. *Fechheimer*, 67 Ind. 35 ; *Child* v. *Swain*, 69 Ind. 230 ; *Town of Martinsville* v. *Shirley*, 84 Ind. 546 ; *Darrell* v. *Hilligoss, etc., G. R. Co.*, 90 Ind. 264.

It does not appear, in the manner required by a rule repeatedly declared, that the plaintiff was misled by the amendment in this case. *Bever* v. *North*, 107 Ind. 544.

The evidence makes a case for the enforcement of specific performance. The contract was clearly proved. The appellee had taken complete possession under the contract, and in

reliance thereon had made lasting and valuable improvements on the land, and had fully performed her part of the agreement. The contract was thus taken out of the operation of the statute of frauds. *Mauck* v. *Melton,* 64 Ind. 414; *Wallace* v. *Long,* 105 Ind. 522; *Drum* v. *Stevens,* 94 Ind. 181, and cases cited.

Where a contract such as that here involved has been proven by clear and satisfactory evidence, and has been taken out of the operation of the statute by possession and complete performance on the one hand, and lasting and valuable improvements have been made on the land in reliance thereon, a case is made in which there is not a complete and adequate remedy at law.

The evidence shows that the appellants repudiated the alleged contract from the beginning. They contested the case from first to last upon the theory that no contract had ever been made between their ancestor and the appellee. It was, therefore, not necessary that a demand should have been proven.

The judgment is affirmed, with costs.

Filed Dec. 9, 1887; petition for a rehearing overruled Jan. 26, 1888.