## KEPLER v. WRIGHT.

[No. 4,797.   Filed October 27, 1903.]

SPECIFIC PERFORMANCE. — *Contract to Convey Land.* — *Complaint.* — Where, by the terms of a contract for the sale and conveyance of real estate, the payment of $100 and the execution of a note and mortgage for the remainder of the purchase money was to precede the execution of the deed, but after the payment of a sum far in excess of $100 the vendor repudiated the contract, a complaint by the vendee for specific performance is not bad for want of an averment that plaintiff had made or offered to make the note and mortgage.  *p. 514.*

SAME. — *Contract to Convey Land.* — *Special Findings.* — *Conclusion of Law.* —A contract for the sale and conveyance of land provided that the vendee should take possession of the real estate and make specified monthly payments until $100 of the purchase price had been paid, at which time the vendee was to execute a note and mortgage for the remainder of the purchase money and the vendor to execute a deed of conveyance.  In a suit by vendee for specific performance, the court found specially that the vendee took possession of the land and made the payments as provided, and, when $100 had been paid, demanded of vendor that he execute a deed, which was refused; that the vendee continued to make payments, until a sum far in excess of $100 had been paid, when the vendor took forcible possession of the premises and has held possession ever since; that the total amount paid by the vendee, including the rental value of the premises after the vendee was dispossessed was equal to the full purchase price as stipulated in the agreement.  It was further found that after the payment of the first $100 by the vendee, the vendor voluntarily paid taxes on the property, a part of which had become delinquent.  *Held,* that the findings justified the conclusion of law that plaintiff was entitled to a deed and to possession, and that the right to have his contract specifically enforced dated from the time he first demanded a deed.  *pp. 514–516.*

TRIAL. — *Conclusions of Law.* — *Motion to Modify Judgment.* — When a judgment conforms to the conclusions of law, a motion to modify the judgment can not prevail.  *p. 516.*

From Wayne Circuit Court; *H. C. Fox,* Judge.

Suit by Amanda Wright against George T. Kepler. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

Kepler *v.* Wright.

*L. E. Kepler*, for appellant.

*W. A. Medsker, W. F. Medsker* and *W. A. Bond*, for appellee.

ROBINSON, C. J.—Transferred from the Supreme Court under the act of March 12, 1901. Suit for the specific performance of a contract to sell land. In appellee's complaint it is averred that in January, 1888, appellant owned a certain lot, which appellee, by a written contract, purchased, and which appellant agreed to convey to appellee. The contract, made a part of the complaint, provides that appellant "hereby leases and lets unto" appellee the lot described "at the monthly rent of the repairs and $3 cash rent, payable monthly on the 14th day of each month." Appellant "further agrees to make to the order of Amanda Wright a warranty deed for said property when she pays $100 on the property and gives a note and mortgage for $130 at eight per cent. in advance, considering the property worth $230, and the $3 or other sums paid every month, payments on the $230 to be calculated as if the $230 were to draw eight per cent. interest payable monthly in advance from date." It was also agreed that appellee should have no right to hold possession unless she kept the property in good repair and paid the rent in advance, and, if she failed to pay the $3 per month, appellant should have the right to enter and take possession only after giving thirty days' written notice, unless the rent was paid before the expiration of the thirty days. It is further averred that appellee took possession under the contract, and made lasting and valuable improvements; that she paid the $100 according to the terms of the contract; that she had paid him a sum far in excess of that amount, and has performed all the covenants incumbent upon her under the contract; that she has repeatedly demanded that appellant execute to her a warranty deed to the lot, which he has refused to do; that in December, 1900, appellant, during the tem-

porary absence of appellee, unlawfully entered into and took possession of the premises without right or process of law, and now holds the same from appellee; that she has long since paid to appellant all the money due him by the agreement, and that if any sum still remains unpaid she is willing to pay the same, and brings the same into court for appellant's use and benefit; asking that the deed be executed, and for damages.

The complaint is not as specific in some particulars as it should be, but, as it does not wholly omit any material averment, such defects may be, and in this case are, cured by the special finding of facts.

The complaint is not defective for want of an averment that appellee made or offered to make the note and mortgage. The execution of the deed and the execution of the note and mortgage were concurrent acts. But, when the agreed amount was paid, the next act to be done was the making of the deed. When appellant refused to make the deed, he repudiated the contract so far as he could. After he had refused to make the deed, it would have been a useless formality to tender the note and mortgage. In *Parker* v. *McAllister,* 14 Ind. 12—a similar case—the court said: "By the terms of the contract, the payment of the first instalment was to precede the execution of the deed by the vendor. The making of the deed was the next thing in order; for regularly no mortgage could be made by the vendee until the vendor had passed the title to him. As the vendor refused to accept the money, and, so far as he could, repudiated the contract, the tender of a mortgage could not be made; for the vendee had no legal title to the land to mortgage." See *Souffrain* v. *McDonald,* 27 Ind. 269; *Turner* v. *Parry,* 27 Ind. 163; *Blair* v. *Hamilton,* 48 Ind. 32; *Burns* v. *Fox,* 113 Ind. 205; *Horner* v. *Clark,* 27 Ind. App. 6.

The special findings show the execution of the written contract; that immediately after the execution of the con-

tract appellee took possession of the lot, and continued to occupy the same until about December 21, 1900, at which time, during the absence of appellee, and without her knowledge and consent, appellant took forcible possession of the premises, and has continued to hold such possession, without right, until the present time; that after appellee took possession she paid appellant $3 each and every month for eighty-nine consecutive months, beginning with the month of January, 1888, and ending with the month of May, 1895; during such time she kept the property in repair, as she had agreed; during the years 1895 and 1896 appellee's husband furnished appellant, at his request, butter, meat, and eggs, to the amount of $22.85, which sum it was agreed should be applied to the purchase price of the property; that she has paid in all upon the purchase price of the property $289.80; that at the time appellant forcibly took possession the rental value of the property was $3 per month, of which appellee has been deprived by appellant, who has appropriated the property to his own use; that, after appellee had paid $100, she demanded of appellant that he execute to her a deed, which he refused to do; that afterwards, and while she was in nowise in default in the execution of the contract, she again demanded a deed, which he refused, and still refuses, although appellee has at all times been ready and willing to execute the note and mortgage upon receiving from appellant a deed; that, after appellee had demanded a deed, appellant voluntarily, and without being required or requested so to do by appellee, paid taxes on the property in the sum of $25.28, which amount so paid appellee never agreed nor promised to repay; that the taxes accrued after the first $100 of the principal sum in addition to the interest had been paid on the contract; that $15.89 of this amount was for delinquent taxes; that appellee has paid to appellant, including the rental value of the property during the time appellant has wrongfully held possession,

the full purchase price as stipulated in the agreement, and has complied with all the conditions of the agreement. As conclusions of law it is stated that appellee is entitled to a deed and to possession, and that her right to have the contract specifically enforced dates from the time she demanded a deed in 1895, and appellant's refusal to execute a deed.

It is argued at some length that the findings are not sustained by sufficient evidence; that the court erred in its conclusions of law and in overruling certain motions to modify the judgment. The findings by the court are within the issues presented by the pleadings, and upon a careful consideration of all the evidence it is manifest that the findings are supported by the evidence. The trial court was the exclusive judge of the credibility of the witnesses. No good purpose would be subserved by a discussion of the evidence. There is evidence in the record to support the findings of fact made by the court.

There is no error of which appellant can complain in the conclusions of law upon the facts found. Appellee, under the facts found, had paid the full purchase price of the lot, and was entitled to a deed when she first made a demand for it. The conclusions of law are right upon the facts found.

Appellant's several motions to modify the judgment were properly overruled. The judgment rendered is the only judgment authorized by the conclusions of law. The motions sought only such changes in the judgment as would have made it not in accordance with the conclusions of law. If a judgment conforms to the conclusions of law a motion to modify the judgment can not prevail. The statute (§560 Burns 1901) provides that in a special finding the court shall first state the facts in writing, and then the conclusions of law upon them, "and judgment shall be entered accordingly." *Nading* v. *Elliott,* 137 Ind. 261; *Smith* v. *McKean,* 99 Ind. 101.

There is no error in the record. The record shows that the merits are entirely with the appellee. Judgment affirmed.