OPINION of the Court, by
Judge Owsiey.
.'JThi* suit was brought by Bodley in the court below to recover from Parker’s heirs one moiety of the lands and other estate purchased by Parker in his lifetime from one of the legatees of Joseph Byers, deceased. The bill c^arScs that in the fall of the year 1796, Parker being ahout to go to the state of Pennsylvania, it was agreed ¡ between him and Bodley, that he should, if possible, make cei'^a'n contracts or speculations (of which Bodley gave information) with persons then residing in said state, for and on the joint account of both Bodley and Parker. That in consequence of the agreement, Par-^er purchased of Samuel Byers, one of the legatees of Joseph Byers, deceased, the one equal half of said Jo-seph Byers’s estate, which the said Samuel was entitled to ^11, and did also purchase a'legacy, &c. That Parker being the person who contracted, and having paid the greater part of the consideration, &c. took the )om*s in his own name j hut that after his return to this country it was positively agreed that Bodley should refund and pay Parker the one half of the original pur-chase money, and be equally interested in the contract with Byers, <fec. The hill further alleges Bodley has paid his moiety of the purchase money, &c,
The answers ofthe defendants admit nothing favora-hie to Bodley’s right to recover, but throw the burthen of proof upon him, and rely upon the statute against frauds and perjuries.
In the consideration of this cause two points are pre-sented for determination — 1st, Does the. contract come within the provisions of the statute of frauds, &c.; and jf it does, 2d, arc there any circumstances in the case taking it out of the statute.
As to the first point, it was contended in argument — > 1st, That the statute only applies to contracts for the sale of lands, tenements, Ac.; and it is urged the contract upon which tins suit is founded, was for the purchase, and not for the sale: hence it was inferred the statute does not apply. Were the construction contended for correct, it might he a question whether the contract alleged in the bill could properly be denominated a contract for the purchase of lands, or whether that part ©f th§ bill which alleges an agreement with Parker that *103 lie should make certain speculations, &c. without men* tioning any terms of that agreement, should not more properly be considered in the light of a conversation, which upon the return of Parker was, as is alleged in the bill, reduced to the more solemn and certain form of a contract. Passing this by, however, as not forming a material inquiry in this case, we cannot recognize the construction contended for in argument. The statute is a beneficial law, made for the avowed purpose of preventing frauds and perjuries, and we apprehend should be construed liberally to attain that end ; and although a contract for the purchase of lands may not come within the express letter of the law, yet as all the danger to be apprehended by suffering the admission of parol evidence in other cases of the sale of land, would equally apply to the case of a purchase, a construction calculated to meet the evil intended to be remedied by the makers of the statute, requires that such a case should be held to come within the statute. In our researches upon this subject we have been unable to find any very satisfactory authority in the English books; but in the case of Henderson vs. Hudson, 1 Mun. 510, the court of appeals of Virginia, in a very analogous case to the present, held the statute to apply to an agreement between a purchaser of lands and a third person, that such third person should be admitted as a partner in the purchase.
It was also contended in argument, that in as much as our statute contains no inhibition against the declaration or creation of trusts, the present case should be considered as a creation of trust, and not within the statute.
If the trust is considered as created by the agreement of the parties, if it does not come within the letter, that liberality of construction just mentioned, which is alone calculated to prevent the mischiefs intended to be prevented by the statute emphatically requires it should be brought within the influence of the statute. Were the trust one resulting by operation of law, from facts and circumstances shewing the relation of the parties, and not created by the contract of the parties, as in that case there would not exist the same danger of perjury, and as the action Would not be endeavored to be maintained upon a contract, but upon an equity, growihg out of facts and circumstances, there, would not exist the same reason, and perhaps the statute in that case would not apply. But ⅛ is evident the trust in the present case, i *104 it can be so denominated, is one created by contract, and is consequently within the statute.
Bodley cannot, therefore, recover any part of the purchase by Parker from Byers, unless there exists something in tlse cause to take the case out of the statute. Although the agreement under which Bodley claims relief is not reduced to writing, yet according to the course of decision by the English courts, if the terms of that agreement bad been acknowledged by a subsequent writing signed by Parker, the contract will thereby be taken out of the statute. Without questioning in any respect the correctness of this principle recognized by the English courts, we are unable to perceive any tiling in the case now under consideration which by the most liberal rule of construction can bring it within that principle. There is, it is true, several writings signed by both Bodley and Parker, in relation to transactions with others, in each of which they are stated to be the assignees of Samuel Byers ; bat there is not a word in either of those writings stating of what they were assignees, or the terms of the agreement by which they became assignees, or the extent of the right of either.
The statute forms, therefore, an insuperable bar against Bodley’s claim to a specific execution of bis contract with Parker, and the decree of the court below for that cause must be reversed ; but as by the auditor's report made in this cause, and to which there appears to have been no exceptions taken in that court, Bodley seems to have made payments to a considerable amount to Parker, it is but right he should to that amount be compensated, and to that extent the decree of the court below should have been in his favor.
The decree must, however, be reversed, the cause remanded to that court and a decree there entered according to the principles of this opinion. The appellants must recover their costs in this court.