## Rineer v. Collins, Appellant.

[Marked to be reported.]

*Breach of parol contract for sale of land—Damages.*

Where there has been no fraud in the origin of a contract for the sale of land, the measure of damages for a breach of the contract is the money actually paid on account of the purchase, and the expenses incurred on the faith of the contract.

In an action to recover damages for a breach of a contract for the sale of land, where it appears that there was no fraud or bad faith in the original contract, and that there was no possession taken, no purchase money paid, no improvements made, and nothing changing the position of the vendee, the plaintiff is only entitled to recover nominal damages.

*Statute of frauds—Memorandum—Parol evidence.*

Where an agreement in writing for the sale of land cannot be established without the help of parol testimony, the agreement must be regarded as a parol contract only.

It seems that the following writing signed by the vendor, is within the statute of frauds: " This is to certify that I have sold to W. H. Rineer all my right in the assigned estate of John Zahm, including the farm and ore, for the sum of $75, which I have his note for 90 days on the above date."

Argued March 17, 1893.  Appeal, No. 140, July T., 1892, by defendant, James Collins, from judgment of C. P. Lancaster Co., May T., 1889, No. 17, on verdict for plaintiff, William H. Rineer.  Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit for breach of parol contract for sale of land.

At the trial, before LIVINGSTON, P. J., it appeared that defendant had purchased a farm at a public sale for $1,889.06, and was to pay the purchase money and was to receive the deed on the following 1st of April.  Subsequently defendant agreed to sell to plaintiff the farm for $1,964.06, an advance of $75. About a week afterwards defendant gave to plaintiff the following writing, signed by defendant:

"QUARRYVILLE, Oct. 19, 1888.

" This is to certify that I have sold to W. H. Rineer all my right in the assigned estate of John Zahm, including the farm and ore, for the sum of $75, which I have his note for 90 days on the above date."

Some time after this defendant sold the property to Martin Eshleman for $2,350.  Plaintiff was notified of this sale.  Subsequently plaintiff entered into an agreement with Amos Groff to sell the property to him, and make title to him on April 1, 1889.  At the date of this agreement Groff knew of the sale through Eshleman.

When plaintiff was on the stand he was asked by his counsel:

" Q. After you bought this property from Collins as you have stated, did you or not enter into any agreement to sell it to anybody else, and if so to whom ? "  Objected to.  Objection overruled and exception. [1]

" Q. Did or not Amos Groff tender you the amount of the purchase money named in the agreement? "  Objected to.  Objection overruled and exception. [2]

Defendant offered to ask the plaintiff on cross-examination if he offered the farm to Christian Andrews for the sum of $2,000, either in the last of October, 1888, or beginning of November, 1888. Objected to. Objection sustained and exception. [3]

Plaintiff offered in evidence agreement between Rineer and Groff. Objected to. Objection overruled and exception. [4]

When Amos Groff was on the stand he was asked:

" Q. If you heard James Collins give any reason why he would not make a deed to William Rineer for the Zahm property, state what it was." Objected to. Objection overruled and exception. [5]

When Martin Eshleman was on the stand, defendant offered to prove that witness saw Rineer and told him that he (witness) did not want this property, and said that Rineer could take it off his hands; that Rineer then said he could not take it, because he had not any money ; that this conversation was after the witness bought from Collins. Objected to. Objection sustained and exception. [6]

The court charged in part as follows :

" [If you find from all the testimony that the contract was as Rineer states to you it was, that it was completed at the ore bank in all respects, except his delivering the note for $75 to Collins, and that no agreement was to be signed by him or security given, then and in such case the contract was such as would enable him to recover for a breach of it.] [7] . . . .

" [If from the evidence you find the contract between Rineer and Collins was full and complete, and that there was nothing to be done by them or either of them, no agreement to be signed or security given to complete it, and that Collins by his own willful acts and conduct put it out of his power by selling the property to another to make title to Rineer, then the highest measure of damages would be, if you should find for plaintiff, a sum equal to the difference between what Rineer was to pay and what Collins received from Eshleman on April 1, 1889, the time he had undertaken to deliver title to Rineer, that being the cash value of it as paid to Collins that day.] " [8]

Defendant's points were as follows :

" 1. That the contract for the sale of the land described in the declaration in this suit on which the plaintiff seeks to re-

cover damages is what in law is known as a parol contract, which under the statute of frauds and perjuries is not enforceable. *Answer :* We say that if such contract could not be enforced by proceedings for a specific performance of it, yet it is such a contract, if as stated in the narr, as will maintain an action for the breach of it." [9]

" 2. In the absence of fraud the measure of damage for the breach of a parol contract for the sale of land, is the money paid and expenses incurred on the faith of the bargain. If no consideration has been paid or expenses incurred the damages are only nominal. *Answer :* This point is affirmed, provided the jury find from all the evidence that the defendant did not, by his own willful acts and conduct purposely, by selling and conveying the real estate to another and receiving a greater price therefor, put it out of his power to comply with his contract to convey to plaintiff." [10]

" 3. The mere failure of the defendant, though without any good reason or though not prevented by any cause beyond his own control, to comply with his own parol contract, is not of itself such an act of fraud as would subject him to any other standard of damages than the money he had paid and the expenses he had incurred on the faith of the bargain. *Answer :* Affirmed, provided the jury find from all the evidence that defendant did not by his own willful acts and conduct purposely, by selling and conveying the real estate to another, and receiving a greater price therefor, put it out of his power to comply with his contract to convey to plaintiff." [11]

" 4. There being in this case no evidence of any fraud meditated or designed by the defendant, at the time the parol contract was made, and no evidence that any money has been paid or expenses incurred by the plaintiff on the faith of the bargain, the verdict, if in favor of plaintiff, can only be for nominal damages. *Answer :* This point assumes facts which are for the consideration of the jury, and will therefore be left with them." [12]

" 5. As no proof of any damages to plaintiff has been offered in this suit, the verdict should be for the defendant." Refused. [13]

Plaintiff's points were as follows :

" 2. If the jury believe that Collins agreed to sell to Rineer

his interest in the farm purchased at the Zahm sale for $75, and that Rineer gave his note for the $75, which Collins accepted, and that Rineer put the money in the bank where the note was made payable, to meet it before the note matured, and kept it there until after April 1, 1889, and that on April 1, 1889, Rineer tendered to Collins $1,900 in gold and demanded a deed, the verdict must be for plaintiff. *Answer:* Affirmed, provided the jury find from all the evidence, that he was as under the facts stated in the point, and that Rineer was not to sign an agreement and give security for the payment of purchase money on April 1, 1889, as Collins states he was." [14]

" 4. If the jury believe that the bargain was closed on the day of the sale, at the ore pile, Collins could make no subsequent conditions without Rineer's consent; and he could not rescind the contract without returning the note given by Rineer." Affirmed. [15]

" 5. If the jury believe that Collins resold the property to Eshleman, solely because he made a larger profit thereby than by sale to Rineer, and that he acted in bad faith to Rineer, their verdict must be for plaintiff, and the measure of damages is the difference between what Rineer agreed to pay for it and what Groff offered to pay Rineer for it, with interest from April 1, 1889. *Answer:* We cannot affirm this point. We say in such case the highest measure of damages would be the difference between what Rineer was to pay Mr. Collins for the property and the price Collins received for it from Eshleman, that was the cash value paid for the property on the day Collins was to convey to Rineer, to which interest should be added from April 1, 1889." [16]

Verdict and judgment for plaintiff for $474.44.

*Errors assigned* were (1–6) rulings on evidence; (7–16) instructions; quoting instructions and bills of exceptions.

*M. Brosius, B. F. Eshleman* with him, for appellant.—The 1st, 2d, 3d and 4th assignments of error relate to admissions of evidence of what transpired between plaintiff and third persons not in the presence of defendant, with a view of showing an agreement to sell the property to Mr. Eshleman, the price to be paid and a tender of the purchase money. This matter was totally irrevelant and ought not to have been admitted.

In cases within the statute of frauds where there can be a recovery for the loss of the bargain, the measure of damage is the difference between the contract price and the market value at the time the deed was to have been delivered : Meason v. Kaine, 67 Pa. 126 ; Thompson v. Sheplar, 72 Pa. 160 ; Harris v. Harris, 70 Pa. 170 ; Sausser v. Steinmetz, 88 Pa. 326 ; McCafferty v. Griswold, 99 Pa. 270 ; Allison v. Montgomery, 107 Pa. 455.

A contract for the sale of land is within the statute of frauds, and therefore void and unenforceable, if parol testimony is required to establish any essential part of it : Mellon v. Davison, 123 Pa. 298 ; Soles v. Hickman, 20 Pa. 180 ; Hammer v. McEldowney, 46 Pa. 334 ; Williams v. Morris, 95 U. S. 456 ; Hunter v. McHose, 100 Pa. 38.

*W. U. Hensel, J. Hay Brown* with him, for appellee.—The cases cited by appellant do not apply. In none of them had the vendor acted in bad faith, sought to escape from the effects of a bad bargain by " tort, artifice and fraud." In Sausser v. Steinmetz, 88 Pa. 324, the decision was put upon the ground that there was no proof that the lessor had any other offer or was prevented from leasing to any other party. In McCafferty v. Griswold, 99 Pa. 270, there was no written memorandum of the bargain, as here ; nor was there bad faith on the part of the vendor. In Allison v. Montgomery, 107 Pa. 455, there was no evidence that defendant had refused to comply with his agreement, no evidence of any attempt on his part at rescission of contract.

In this case we have a distinct agreement between the parties, evidenced by a written memorandum, prepared and signed by Collins and handed to his vendee to show that he had sold to him all his (Collins's) right in a farm. This is sufficient: Smith & Fleek's Ap., 69 Pa. 474 ; Tripp v. Bishop, 56 Pa. 429.

Even if this were not sufficient to warrant a decree for specific performance, it brings the willful breach of such a contract within the rule laid down by the court in Meason v. Kaine, 67 Pa. 127.

Other authorities to the same point are not wanting : Bitner v. Brough, 11 Pa. 139 ; Hoy v. Gronoble, 34 Pa. 11 ; Howell v. Kelly, 1 Adv. R. 815 [149 Pa. 473] ; Lee v. Dean, 3 Whart. 330 ; Burr v. Todd, 41 Pa. 213 ; Tripp v. Bishop, 56 Pa. 427 ;

Sedam v. Shaffer, 5 W. & S. 529 ; Ellet v. Paxson, 2 W. & S. 418 ; Tompkins v. Haas, 2 Pa. 75 ; Bender v. Bender, 37 Pa. 419 ; Frank, Liveright & Co. v. Martin, 26 W. N. 361 ; Engel v. Fitch, L. R. 3 Q. B. 314 ; 1 Sugden on Vendors, p. 361 , Dustin v. Newcomer, 8 Ohio, 51 ; Balwin v. Munn, 2 Wend. 407 ; Brinckerhoff v. Phelps, 24 Barb. 100 ; Pringle v. Spaulding, 53 Barb. 17 ; Hertzog v. Hertzog, 34 Pa. 428.

OPINION BY Mr. JUSTICE GREEN, July 19, 1893 :

In the court below, and by the counsel on both sides, on the trial, the contract between these parties was treated as a parol contract for the sale of land. The court so described it in the charge, and instructed the jury, as to any right of recovery upon it, that it must be treated as such a contract. No assignment of error here raises any question upon it as a written contract, nor is there any serious contention on the part of the appellee that it should be regarded as a contract in writing for the sale of land. As its essential features could not be established without the help of parol testimony, it comes clearly within the ruling in the cases of Mellon v. Davison, 123 Pa. 298 ; Soles v. Hickman, 20 Pa. 180, and other kindred cases, and must be regarded as a parol contract only.

The only material question, discussed in the paper books and pressed upon our attention here, is, the question of damages. The learned court below instructed the jury that if the defendant willfully and purposely put it out of his power to comply by selling the land to another, the plaintiff, who was the vendee, could recover a sum equal to the difference between what Rineer was to pay Collins and what Collins received from Eshleman for the land. We have not been referred to any authority which adjudges the rule of damages in this way in the circumstances which were present in this case. Bitner v. Brough, 11 Pa. 127, much relied upon for the plaintiff, was a totally different case. It was an action for damages for breach of a written agreement for the sale of the land in question, and it was proved on the trial that the purchaser had sold his own farm to raise the money to pay for the one he had bought ; had made all his arrangements to move, and did move from his old home in Adams county to the land he had purchased in Franklin county, with his family, his stock and wagon loads of per-

sonal property, five months after the contract, and in utter
ignorance of any intention on the part of the seller to repudiate
the contract.   There was also evidence of collusion between the
seller and his wife to have her refuse to sign the deed, in order
to enable the seller to excuse his refusal to perform on that
ground, and the whole doctrine of this court declaring a right
to recover compensatory damages and for the value of the bar-
gain, was based upon the proposition that there was evidence
of fraud, artifice and collusion, upon which such a verdict could
be rendered.   The other cases cited for the appellee all stand
upon the same principle.

But while this is true, it is equally true that the mere refusal
of a vendor to convey, where the contract is verbal, is not suf-
ficient to justify anything more than a recovery of the money
actually paid and the expenses incurred on the faith of the con-
tract.

In Sausser v. Steinmetz, 88 Pa. 324, which was an action
upon a parol lease of premises for five years, which the lessee
refused to take, the court below instructed the jury that the
landlord might recover the value of a year's rent, $2,000, which
was lost by the refusal of the lessee to take the premises under
the lease.   We reversed the judgment on account of this in-
struction, and said, GORDON, J. : " The serious fault in this in-
struction is that it is based on a false premise; the plaintiff
had not leased his property.   The proposed lease was within
the statute of frauds; hence the parol agreement to lease could
give it no force, and to predicate anything whatever of that in-
tended lease was error.   Either party had the right to refuse
its execution, and the defendants were guilty of no fraud in
availing themselves of such right.   Neither party could plead
ignorance of the statute, and hence both are presumed to have
known that either might take advantage of its terms, and that
the defendants did avail themselves of that privilege cannot be
regarded as a fraud on the plaintiff. . . . If the rule submitted
by the court to the jury is to obtain, then may a contract void
by the statute be specifically enforced. . . . By the same rule
you might enforce a parol contract for the sale of land and so
annul the statute of frauds and perjuries altogether; a result
not allowable either in reason or on authority : M'Clowry v.
Croghan's Adm'r, 7 Casey, 22 ; Wilson v. Clarke, 1 W. & S.
554."

In Harris v. Harris, 70 Pa. 170, a vendor by parol agreed to convey land; the vendee paid the purchase money, went into possession, and was evicted by a subsequent vendee under articles from the same vendor. The first vendee had remained in possession for twenty-two years and had made large expenditures for improvements. The case was one of much hardship. Nevertheless, Thompson, C. J., said in the opinion: " The learned judge below erred in admitting evidence to prove the value of the land out of which the action has arisen, under a parol sale, and in answering the plaintiff's points as he did; also the defendant's points on the same subject. We have so repeatedly announced that the rule in actions for damages for a breach of a contract to convey under a parol sale of real estate, is not to be measured by the value of the land, but by the consideration paid, and compensation for improvements made in clearing, fencing, building, planting orchards, etc., in reliance on the contract, deducting therefrom a reasonable rental for the use of the premises, that I will not incumber this opinion by citing them—they have often been cited in previous opinions. The only exception to the rule is where there has been fraud on the part of the vendor *in the original contract.* But the failure to convey is not such fraud. Buyer and seller both knew that such a contract could not be enforced, and it was no more a fraud to refuse performance by conveying, than any other breach of a contract to perform an act. . . . The learned judge charged that if the defendant had it in his power to comply with his contract and did not do so, and ' if he acted in bad faith towards the plaintiff, the measure of damages would be the value of the land at the time he was evicted.' *Bad faith* was an indefinite term, it did not necessarily imply fraud, and did not indicate fraud *in the contract.* There was nothing showing anything like that in proof. The charge certainly had only the failure to convey in view in this remark; it was what the point asked; it was error therefore to affirm it. . . . It is obvious that this ruling, if permitted to stand, would in most cases of parol sale of land and failure to convey be the equivalent of specific performance, differing only in this, that it would transfer to the buyer the value, instead of the property in specie. It would operate as a virtual repeal of the statute."

In the last case there was also proof that the vendor had

agreed to sell to the vendee for $1,000, and that all the purchase money had been paid, and it was further proved that the vendor sold to the second vendee for $2,600, so that more than double the price to be obtained was a fact which was relied upon greatly as evidence of a fraudulent motive for refusing to convey to the first vendee. It was also shown that the vendee repeatedly demanded his deed, but was put off by different excuses, the last of which was that the vendee's title was good under the statute of limitations, by twenty-one years adverse possession, yet, notwithstanding all these facts, we held there was no sufficient proof of fraud to warrant a recovery for anything more than mere compensation for actual outlay. We decided that the proof of fraud must reach back to the *original contract*, otherwise the charge of fraud was of no avail.

Of course there is nothing of this kind in the present case. There was no possession taken, no purchase money paid, no improvements made, no false assertions made, nothing changing the position of the vendee, not the slightest pretence of any fraud or bad faith in the original contract. The defendant admitted he had made it, but said, and in this he was corroborated, that he had asked the plaintiff to give him a written agreement for the purchase, and security for the payment of the money by a definite time, all of which the plaintiff promised but never performed, and that this was the reason why he sold to another. The plaintiff admitted that the defendant had notified him soon after the contract, as early as November first or thereabouts, that he had sold the property to another. The contract was made on Oct. 13th, and the note was given on the 19th, and in this short intervening time there is not a particle of proof that the plaintiff had expended a dollar, or had changed his position in the least. He had but a parol contract which either party was at liberty to refuse to carry out, and, under the last two cases cited, such action was perfectly competent to either without liability to anything more than mere nominal damages. There was no actual proof that the defendant's wife refused to sign a deed. One witness testified that he heard the defendant say so, and that was the entire proof on that subject. But as the defendant had the legal right to refuse performance for any reason at the time he notified the plaintiff, it is not material whether the wife refused to sign a deed or not.

In Thompson v. Shepler, 72 Pa. 160, which was an action on a parol contract to reconvey land bought at sheriff's sale upon being repaid the purchase money and interest, we said: " It is well settled law in this state that an action will lie on a verbal agreement for the sale of land, and, in the absence of fraud, that the measure of damage for its breach is compensation for the money paid and expenses incurred on the faith of the bargain. If no consideration has been paid, and no expenses incurred, only nominal damages are recoverable. But where there has been fraud in the sale, a different rule as to the measure of damages obtains. In such cases it has been uniformly held that damages may also be recovered for the loss or value of the bargain. But if no fraud was meditated and designed in making the contract, the refusal to perform it is not such fraud as will enable the vendee to recover compensation for the loss or value of the bargain. If damages for such loss were allowed to be recovered for the breach of the contract, on the ground that refusal to perform was itself a fraud, it would, in most cases of parol sales, operate as a virtual repeal of the statute of frauds ; for, though the vendee might not recover the land for which he bargained, of what avail would be the statute if he could recover its value in money? It is obvious that such a recovery would, in almost every case, be equivalent to specific performance."

There are other authorities to the same effect, but it is not necessary to repeat them. McCafferty v. Griswold, 99 Pa. 270, and Allison v. Montgomery, 107 Pa. 455, are notable instances wherein the rulings above cited were enforced in cases much stronger in their facts than the present.

According to all authorities, the fraud necessary to entitle the vendee to recover must be such as inheres in the original agreement. A subsequent fraudulent purpose is not enough. But in this case there is not a particle of proof of fraud, either in the original agreement or at any time after. The defendant promptly agreed to the verbal contract six days after it was made, and gave the imperfect writing of October 19, 1888, and accepted the note for $75, as described in the testimony. In all this there is not a circumstance tending to prove any fraudulent intent in the making of the contract. Within two weeks thereafter the defendant notified the plaintiff that he had sold the

land to another person.   Nothing had been done to change the plaintiff's position in any respect.   His own witness, Groff, testified that he (plaintiff) knew of the sale by defendant to Eshleman before he assumed to sell the land to Groff.   The mere fact of refusal to convey is no evidence of fraud and there is nothing else in the case to show any fraud.   Hence the right to recover damages for the loss of the bargain did not exist, and the court was in error in submitting the question to the jury.   We sustain all the assignments of error except the third and sixth.

Judgment reversed and new venire awarded.