## Ewing v. Anna H. and John Clore.

(Decided March 25, 1927.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Trusts.—Plaintiff, alleging a verbal agreement to jointly purchase land for price at which it was later purchased by defendant, without alleging that he at any time paid any part of consideration therefor, held not entitled to relief on theory of resulting trust, under Ky. Stats., section 2353, creating a trust in favor of one furnishing consideration for conveyance of land to another.

2. Frauds, Statute of.—Alleged oral agreement for purchase of real estate, whereby plaintiff and defendant were each to receive title to portion thereof, held not to constitute a partnership, within rule that real estate, when becoming partnership property, is constructively converted into personalty, and not within statute of frauds.

3. Trusts.—Agreement whereby a contemplated purchaser secures services of agent to purchase with his own funds real estate for principal is within the statute of frauds, and must be in writing

in order to create a resulting trust, where agent makes purchase and takes deed to himself.

ALEX G. BARRET and B. F. EWING for appellant.

EDWARDS, ODGEN & PEAK and W. S. HEIDENBERG for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, J. H. Ewing, and the appellee and defendant below, Anna H. Clore, each owned a tract of land within Jefferson county. Between their respective tracts was another one containing 97 acres and owned by Mrs. Jane B. Sheets. Defendant purchased the Sheets land and it was conveyed to her by deed on September 8, 1925. The price paid by her was $160.00 per acre, part cash and part on time. After that deed was executed and delivered to defendant, plaintiff filed this equity action against her and her husband in the Jefferson circuit court, in which he alleged, in substance, that prior to the purchase by defendant of the Sheets land he and she entered into a verbal agreement (denominated by him a contract) whereby they were to jointly purchase the Sheets land at the price for which defendant later purchased it, and that plaintiff was to receive individually title to a described 45 acres of it lying next to his property, and defendant was to take title to the remaining 52 acres lying adjacent to her farm, and that the purchase by defendant of the entire farm for herself was in violation of the verbal contract and of the alleged trust that the petition charged was thereby created. Plaintiff tendered, in accordance with the terms of the purchase by defendant, his proportionate part of the consideration for the 45 acres he was to get under the alleged verbal partnership agreement, and he alleged that defendant, because of such alleged facts, held the 45 acres that he was to get under the verbal agreement in trust for him, and prayed that she be required to accept his tendered consideration for that amount of the Sheets land and convey it to him in execution of the trust.

An amendment and later a substituted petition elaborated the grounds for relief stated in the original petition, but made no material change in its substance. Defendant demurred to plaintiff's petition as amended and as altered by the substituted petition, which the court sustained, and upon his declining to plead further judg-

ment was entered dismissing his cause of action and from it he prosecutes this appeal.

It will be observed that the question sought to be litigated arises out of the doctrine of resulting trust, which in most instances is a creature of equity whereby justice is administered in certain states of case when to deny it would not only work injustice but would also allow one to reap the benefits of his own fraud. With us, however, some of the common law equitable or resulting trusts are governed by section 2353 of our present statutes, saying: "When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person." By it our legislature declared (contrary to the common law) that the mere fact of the paying of the consideration by one for the conveyance of land to another would not raise a resulting trust in favor of the former; but that, on the contrary, if the grantee in the conveyance took the title to himself when the consideration was furnished and paid by another with the understanding and agreement that the latter should be the grantee, then a trust would arise in favor of the one furnishing the consideration, upon the ground that to deny it under such circumstances would permit the grantee in the deed to reap the benefits of his own fraud, and also deprive the resulting *cestui que trust* of adequate remedy growing out of the violation of the trust agreement. Necessarily, by implication at least (and we have consistently so held), that statute, by expressly providing when a trust would result, denies it when the facts are not sufficient to allow it under the express language of the section. Plaintiff alleged no facts entitling him to the relief sought under the terms of the statute, which only allows a trust in his favor if he had paid the consideration and the title was taken to defendant without his consent, or if the title was so taken and the lands paid for with his effects and in violation of a prior agreement that he should be the vendee of that portion of the land which he seeks to impress with the trust. No pretense is made by plaintiff that he ever at any time paid any part of the consideration for the Sheets land,

either in cash or otherwise; and that being true, we must look elsewhere for the legal principles upon which the action may be sustained, if at all.

It is argued that under the alleged facts, and which plaintiff expressly declares in his pleading constituted a partnership between him and defendant for the purpose of buying the Sheets farm, he is entitled to the relief prayed for upon the ground that property purchased by one partner for the benefit of the partnership, although paid for with his individual means will inure to the benefit of each partner and the purchased property become impressed with a trust in favor of all the other partners, and which seems to be the established rule, and the trust will result, although the subject matter of the purchase is real estate, upon the ground that partnership property, though consisting of real estate, *eo instanter* is converted into personalty when it is purchased as partnership property. For that reason the statute of frauds requiring contracts for the sale of real estate to be in writing does not apply to such purchases, because, as stated, when it becomes partnership property it is constructively converted into personalty, and the purchase is deemed to be one of personal property. We have announced that principle of law in a number of cases following the general rule upon the subject and wherein we held that the statute of frauds did not affect such purchases for the reason stated. Stewart v. Stovall, 191 Ky. 508, and cases therein referred to.

Manifestly, therefore, plaintiff, in order to receive the benefit of that rule, should present a case coming within its terms, *i. e.*, it should appear from the presentation he makes that the violated agreement upon which he relies constituted a partnership between him and defendant, which we are convinced he failed to do. To begin with, it was but a single purchase, and neither he nor defendant was, under the terms of the alleged verbal contract, to become a *joint* owner of *any part* of the Sheets farm, since he was to receive title to the 45 acres lying next to his farm and defendant was to receive the title to the 52 acres next to her farm. Each was to be the sole holder, under the alleged contract, of a particularly described and designated portion of the Sheets farm. So that, if the purchase should be made by only one without the joint concurrence of the other, the former would be, at best, only the agent of the other for the pur-.

pose of purchasing that portion of the land that under the verbal agreement was to be deeded to the latter. In other words, the case presented by plaintiff is, in essence and effect, simply and solely one where a contemplated purchaser secures the services of another in the capacity of agent to purchase real estate for him and the agent makes the purchase and takes the deed to himself and likewise pays the entire consideration without the supposed principal contributing anything whatever to the payment of the purchase price. In such case the law is well settled that the agreement relied on for the assertion of the resulting trust is one within the statute of frauds and must be in writing, signed by the alleged recalcitrant agent, and who is the supposed resulting trustee. In other words, that the alleged trust in such cases is not one that arises by operation of law as in cases of partnerships and others that might be mentioned, but is one created by the alleged agreement, and under the precise facts as alleged in this case such agreements must be in writing in order to comply with the statute of frauds, since the effect of enforcing the agreement would be to require the agent to procure the conveyance to be made, or to himself convey title to the real estate to his supposed principal without legally obligating himself to do so. The rule denying relief in such cases, because the contract was not in writing, is universally recognized and applied by the courts of the country and boldly asserted by all text writers upon the subject. Some of the many cases from this court so holding are: Parker's Heirs v. Bodley, 4 Bibb 102; Fischli v. Dumaresly, 3 A. K. Mar. 23; Doom v. Brown, 171 Ky. 469; Fields v. Hoskins, 182 Ky. 446, and Kimmons v. Barnes & Metcalfe, 205 Ky. 502.

Many others from this court might be cited, some of which are referred to in those above, and all of them are in accord with the rule as stated, except that of Mallon v. Buster & Allin, 121 Ky. 379. The only difference between the facts of that case and those of this and some of the other ones herein cited is, that the sale therein and at which one of the parties to the prior verbal alleged trust agreement purchased the land, was a public and decretal one; whereas, in this and some of the above cited cases the sale was private and strictly *inter partes.* Such were the facts in the Kimmons case, which is a late one from this court. We, however, can see no logical reason for the distinction, and we are convinced that the principle announced in the Mallon opinion is, not only con-

trary to all other opinions by us based upon similar facts, but it is likewise contrary to the universal rule upon the subject and is unsound and should no longer be followed, and for that reason it is now overruled. It was bottomed upon the prior case of Garth v. Davis, 120 Ky. 106. In pointing out the difference between the facts in the Garth case and those of the Mallon case that followed it and, as we have stated, was based upon it, the learned chancellor who tried this case below in a written opinion filed by him said, *inter alia*:

"But when we come to examine the Garth case, upon which the Mallon case was rested, we find a totally different situation. There was no contest in that (Garth) case between purchasers. There was an effort by the vendor (the sale was at auction) to require Davis and Johnson to accept a conveyance to them jointly of certain lots which had been bid in, some by Davis and some by Johnson, upon the theory that they had purchased as partners. The circuit court sustained a demurrer to the petition, upon the ground that the partnership agreement alleged in the petition was within the statute of frauds and not enforceable because not in writing. But, in reversing the judgment, the Court of Appeals said that partnership real property is regarded as personalty and agreements between partners with reference thereto are not within the statute. The allegation found in the petition was that Davis and Johnson had 'entered into a co-partnership, to buy, own and use all the lots bought by them respectively.' This was, therefore, a case of true partnership and, as such, is clearly distinguishable from the present (this) case. In addition, that was not a case, as is the present (this) one, where a person claiming to be a partner was endeavoring to compel a conveyance by the other partner by virtue of a parol agreement. The Garth case differs in so many points from the present case that it cannot be said to help plaintiff.

"Even if the Mallon case could be considered as giving support to plaintiff's claim here, the later case of Day v. Amburgey, 147 Ky. 123, and the still later Kimmons case seem to me to be an insuperable obstacle to the granting of the relief which plaintiff prays for. Counsel attempts to distinguish that case upon the ground that it was a case of agency.

But the distinction is without merit. It is true that plaintiff in this instant case, alleges that the understanding he had with defendant with reference to the purchase of this land was a 'partnership agreement,' but the facts set up in the petition show that there was no true partnership. The essence of the agreement was that the purchase when made, whether made by plaintiff or defendant, was to be made, with respect to a designated portion of the land, as agent for the other party to the agreement."

The distinction between the two cases (Garth and Mallon) is so clearly pointed out therein and the difference between the legal principles applicable to the two sets of facts are so clearly made to appear, that elaboration on our part is unnecessary.

We have not attempted herein to set forth all the instances wherein or the facts out of which a resulting trust might arise, since our task is performed when we pass judgment upon the precise facts submitted for our determination, and we unhesitatingly conclude that for the reasons stated the court properly held the petition as amended insufficient, and likewise properly dismissed it upon plaintiff declining to plead further.

Wherefore, the judgment is affirmed. The whole court sitting.