## MINOR v. PERRY.
### No. 4071.

District Court, E. D. Kentucky, Covington.
June 14, 1937.

Blakely & Murphy, of Covington, Ky., for plaintiff.

Howard & Howard, of Covington, Ky., for defendant.

FORD, District Judge.

This is an action at law for damages in the sum of $50,000, which plaintiff claims to have sustained on account of the defendant's breach of an alleged oral contract relating to the purchase of real estate. After stating the terms of an arrangement by which a mortgage holder was induced to institute foreclosure proceedings and thereby bring about a sale of the mortgaged land, the petition states the terms of the alleged agreement between the plaintiff, a citizen of Kentucky, and the defendant, a citizen of New York, as follows:

"Plaintiff says that prior to said agreement with the First National Bank of Owenton to foreclose, he and the defendant, John H. Perry, entered into an agreement whereby the said John H. Perry would buy said land at a Commissioner's sale in Owenton; that the same would be refinanced by either or by some financial institution, and that after said financing was done, both the plaintiff and the defendant would become joint owners of all of said property."

The case is submitted upon the defendant's general demurrer to the petition, based upon the ground that since, under the statute of frauds (Kentucky Statutes, § 470), "no action shall be brought to charge any person * * * upon any contract for the sale of real estate * * * unless the * * * contract * * * or some memorandum or note thereof, be in writing," the facts alleged are insufficient to sustain the action.

The plaintiff claims that the facts set out in the petition show an executory partnership agreement between the parties which is sufficient to bring the case within the general rule prevailing in Kentucky to the effect that the provisions of the statute of frauds, above referred to, do not apply to a contract for the purchase of real estate by one partner for the benefit of the partnership. This doctrine and the equitable foundation upon which it rests has been discussed and approved in a number of cases in Kentucky and is the general rule upon the subject applicable to cases coming within its terms. See Stewart v. Stovall, 191 Ky. 508, 230 S.W. 929, and cases cited therein.

It will be noticed, however, that the contract set out in the petition goes no further than to provide that "the plaintiff and the defendant would become joint owners of all of said property." In order to bring the case within the rule relied up-

on by the plaintiff, it is necessary to show that the agreement contemplated a partnership between the plaintiff and the defendant. Ewing v. Clore, 219 Ky. 329, 292 S. W. 824. ·The question is whether the mere showing of an agreement to become "joint owners" meets that requirement.

In the case of Thompson et al. v. Bowman, 6 Wall. (73 U.S.) 316, 317, 18 L.Ed. 736, the Supreme Court, after pointing out that a copartnership may exist in the purchase or sale of real estate as in any other lawful business, said: "But the fact that real property is held in the joint names of·several owners, or in the name of one for the benefit of all, is no evidence of copartnership between them with respect to it. In the absence of proof of its purchase with partnership funds for partnership purposes, real property standing in the names of several persons is deemed to be held by them as joint tenants, or as tenants in common."

 The relation which the law terms a "partnership" differs from that known as "joint ownership" or "tenancy in common" in many important particulars. The ordinary characteristic of partnership whereby each partner becomes the agent of the other, with authority to manage and dispose of firm property, and to bind all partners by contracts within the scope of the partnership business, does not inhere in joint tenancy or tenancy in common. In the latter there is no privity of estate between the parties, and while each joint owner may sell or encumber his own undivided interest in the jointly owned property at pleasure regardless of the knowledge, consent, or wishes of his cotenant, he cannot bind or affect the interest of his cotenant. 7 R.C.L. 809, par. 2; 62 C.J. 409, § 4.

It seems unnecessary to point out the many other significant marks of difference, for, as said by the Kentucky Court of Appeals in the case of Ford v. Jellico Grocery Company, 194 Ky. 552, 554, 240 S.W. 65, 66: " * * * no principle of law is better settled than that a mere tenancy in common does not create a partnership (Clark v. Sidway, 142 U.S. 682, 12 S.Ct. 327, 35 L.Ed. 1157; Doak v. Swann, 8 Greenl. (8 Me.) [170] 172, 22 Am.Dec. 233; Howe v. Howe, 99 Mass. 71."

The petition in this case sets out no facts indicating that the parties contemplated the purchase of lands as partners or for the carrying on of a partnership enterprise. The mere allegation of an agreement for joint ownership or tenancy in common of real estate does not imply a partnership in respect to the jointly owned property.

The contract here relied upon is within the statute of frauds, and not being in writing, no cause of action may be based upon it. The demurrer must be sustained.

The plaintiff will be given leave to amend within twenty days, and, upon failure to do so, the petition will be dismissed.

Let an order be entered accordingly.